IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA PORTER and SHARKEY SIMMONS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>-against-<br><br><br>MOOREGROUP CORPORATION, JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally,<br><br>       Defendants. | 17 Civ. 7405 (KAM)(VMS) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT**

PELTON GRAHAM LLC
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700

*Attorneys for Plaintiffs, FLSA Collective and the putative Class*

- i -

## TABLE OF CONTENTS

              **Page**

Table of Authorities ............................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

PROCEDURAL HISTORY...................................................................................................1

STATEMENT OF FACTS. ...................................................................................................4

ARGUMENT .........................................................................................................................6

I.       LEGAL STANDARDS ..............................................................................................6

II.      PLAINTIFFS' AMENDMENT SHOULD BE PERMITTED...........................................7

          A.     Plaintiffs' Proposed Amendment Is Not Futile. .......................................................7

          B.     There Has Not Been Undue Delay, Bad Faith, or Dilatory Motive. ........................10

          C.     Defendants Will Not Be Prejudiced.. ......................................................................12

CONCLUSION.....................................................................................................................13

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
 404 F.3d 566 (2d Cir. 2005)...................................................................................................6

*Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*,
 No. 14 Civ. 5269, 2016 U.S. Dist. LEXIS 127425 (E.D.N.Y Sept .16, 2016).........................8

*Block v. First Blood Assocs.*,
 988 F.2d 344 (2d Cir. 1993)...................................................................................................12

*DeCintio v. Westchester Cty. Medical Ctr.*,
 921 F.2d 111 (2d Cir. 1987)...................................................................................................10

*Fair Housing Dev. Fund Corp. v. Burke*,
 55 F.R.D. 414, 419 (E.D.N.Y. 1972) .......................................................................................6

*Forman v. Davis*,
 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) .......................................................7

*Franco v. Ideal Mortg. Bankers, Ltd.*,
 No. 07 Civ. 3956, 2009 U.S. Dist LEXIS 91570 (E.D.N.Y. Sept. 28, 2009) ..........................6

*FTD Corp. v. Banker's Trust Co.*,
 954 F.Supp. 106, 109 (S.D.N.Y.1997)...................................................................................10

*Gonyer v. Vane Line Bunkering, Inc.*,
 No. 13 Civ. 8488, 2014 U.S. Dist. LEXIS 102532 (S.D.N.Y. July 25, 2014).........................13

*Haddock v. Nationwide Fin. Servs. Inc.*,
 514 F. Supp. 2d 267, 271 (D. Conn. 2007)..............................................................................6

*Health-Chem Corp. v. Baker*,
 915 F.2d 805, 810 (2d Cir. 1990).............................................................................................7

*Henriquez v. Kelco Landscaping, Inc.*,
 299 F.R.D. 376 (E.D.N.Y. 2014) .............................................................................................8

*Hernandez v. NJK Constr., Inc.*,
 No. 09 Civ. 4812, 2015 U.S. Dist. LEXIS 57568 (E.D.N.Y. May 1, 2015).............................7

*Hui Lin v. Great Rose Fashion, Inc.*,
 No. 08 Civ. 4778, 2090 U.S. Dist. LEXIS 46726 (E.D.N.Y. June 2, 2009)...........................10

*Lopez v. Setauket Car Wash & Detail Ctr.*,
    No. 12 Civ. 6324, 2015 U.S. Dist. LEXIS 2594 (E.D.N.Y. Jan. 7, 2014) ................................ 7

*Luellen v. Hodge*,
    No. 11 Civ. 6144P, 2013 U.S. Dist. LEXIS 141484 (W.D.N.Y. Sept. 30, 2013) .................... 12

*M'Baye v. World Boxing Ass'n*,
    No. 05 Civ. 9581, 2006 U.S. Dist. LEXIS 53869 (S.D.N.Y. 2006) .......................................... 7

*Michalek v. Amplify Sports & Entm't LLC*,
    No. 11 Civ. 508, 2012 U.S. Dist. LEXIS 85727, at*3-4 (S.D.N.Y. June 20, 2012) ............ 7, 12

*Mullins v. City of New York*,
    634 F. Supp. 2d 373 (S.D.N.Y. 2009) .................................................................................... 9

*Nycomed U.S., Inc. v. Glenmark Generics, Ltd.*,
    No. 08 Civ. 5023, 2010 U.S. Dist. LEXIS 29267 (E.D.N.Y. Mar. 26, 2010) ........................ 11

*Presser. v. Key Food Stores Co-op, Inc.*,
    218 F.R.D. 53 (E.D.N.Y. 2003) .............................................................................................. 7

*Romero v. Bestcare, Inc.*,
    No. 15 Civ. 7387, 2018 U.S. Dist. LEXIS 33901 (E.D.N.Y. Feb. 28, 2018) ............................ 9

*Salazar v. Bowne Realty Assocs., LLC*,
    795 F. Supp. 2d 378 (E.D.N.Y. July 7, 2011) ......................................................................... 9

*Santi v. Hot in Here, Inc.*,
    No. 18 Civ. 3028, 2019 U.S. Dist. LEXIS 10296 (S.D.N.Y. Jan. 22, 2019) ........................... 10

*Scott v. Chipotle Mexican Grill, Inc.*,
    300 F.R.D. 193 (S.D.N.Y. 2014) ............................................................................... 10-11, 13

*Veeder v. Nutting*,
    No. 10 Civ. 665, 2012 U.S. Dist. LEXIS 57276 (N.D.N.Y. Apr. 24, 2012) ........................... 12

*Wong v. Hunda Glass Corp.*,
    No. 09 Civ. 4402, 2010 U.S. Dist. LEXIS 62653 (S.D.N.Y. June 22, 2010) ........................... 9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    15(a) ............................................................................................................................. *passim*
    20(a) ....................................................................................................................................... 6

21............................................................................................................................6

**SECONDARY SOURCES**

Charles Alan Wright, *et al.*
    Federal Practice and Procedure (2d ed. 1995) ............................................................................6

**PRELIMINARY STATEMENT**

Named Plaintiffs Joshua Porter and Sharkey Simmons (the "Named Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion for Leave to Amend the Complaint ("Motion to Amend") which seeks leave pursuant to Fed. R. Civ. P. 15, to file an amended complaint in the form attached as Exhibit B to the Declaration of Brent E. Pelton in Support of Plaintiff's Motion to Amend (the "Amended Complaint").

The Amended Complaint seeks to add one opt-in plaintiff, Emanual Colajay Rivera ("Rivera"), as a named plaintiff, to add Baldwin Harbor Contracting Inc., as a Defendant, to add factual allegations regarding the employment of Plaintiff Rivera, and to add FLSA and NYLL claims for retaliation on behalf of Plaintiffs Simmons and Rivera as well as the factual allegations underpinning these claims.

The addition of these parties, the retaliation claims and the facts set forth in the Amended Complaint is not improper, will not delay the litigation and does not prejudice Defendants MooreGroup Corporation (the "Corporate Defendant"), John Moore, Gary Moore and Martin Moore (the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants" or "MooreGroup"). For these and all of the reasons that follow, Plaintiffs' Motion to Amend should be granted.

**PROCEDURAL HISTORY**

Named Plaintiffs Simmons and Porter commenced this action (the "Action") on December 20, 2017, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York State Labor Law ("NYLL"). Specifically, the Named Plaintiffs alleged that they and other similarly situated employees of the Defendants have not received overtime premiums to which they are entitled for hours worked in excess of forty (40) hours per week and did not receive

wage notices or proper wage statements that complied with the NYLL § 195. (Dkt. No. 1). Defendants filed their Answer on February 23, 2018, denying Plaintiffs' substantive allegations. (Dkt. No. 14).

On April 13, 2018, Plaintiffs filed a pre-motion letter seeking leave to file a motion for conditional certification of an FLSA collective. (Dkt. No. 17).  After discussion between the parties, the parties informed the Court on May 1, 2018 that they had negotiated resolution to Plaintiffs' anticipated conditional certification motion and the terms of § 216(b) notice. (Dkt. No. 19).  After requesting submission of a translation certification letter, the Court approved the parties' stipulation and granted the request to disseminate notice of the lawsuit. (Dkt. No. 21). Four (4) individuals returned Consent to Become a Party Plaintiff forms, including Emanuel Colajay Rivera, whose Consent form was filed September 19, 2018. (Dkt. No. 27).

On November 9, 2018, after discussions with Plaintiff Rivera regarding his employment with Defendants, Plaintiffs filed a pre-motion letter seeking leave to amend the Complaint to add Rivera as a named plaintiff and Baldwin Harbor Contracting Inc. ("Baldwin Harbor") as a defendant, based on Plaintiff Rivera's experience of receiving checks from Baldwin Harbor for a portion of his employment with MooreGroup. (Dkt. No. 31).  The Court schedule a pre-motion conference to address Plaintiffs' request for November 29, 2018, which was later adjourned to November 30, 2018. (*See* Orders of the Court dated Nov. 21, 2018 and Nov. 27, 2018).  Defendants filed a letter opposing joinder of Baldwin Harbor on November 27, 2018. (Dkt. No. 33).

On November 27, 2018, Plaintiffs Simmons and Rivera experienced the retaliation incidents set forth below and in the Amended Complaint.  On November 29, 2018, Plaintiffs submitted a letter to the Court describing the retaliation incidents in advance of the pre-motion conference regarding Plaintiffs' motion for leave to amend. (Dkt. No. 34).  At the conference,

Defendants were instructed to file a letter by December 7, 2018 informing the Court and Plaintiffs whether they would consent to the filing of an amended complaint. (*See* Order of the Court dated Nov. 30, 2018).

On December 7, 2018, Defendants' counsel, Michael Taubeneld, Esq., filed a motion to stay the Action for sixty (60) days while Defendants retained new counsel. (Dkt. No. 35). The Court granted in part Defendants' motion, extending Defendants' deadline to respond to Plaintiffs' proposed amendments by one (1) month, to January 7, 2019. (Order of the Court dated Dec. 7, 2018).

On January 8, 2019, Timothy Kilgannon, Esq. entered an appearance on behalf of all Defendants and requested an extension of time to respond to Plaintiffs' proposed amendments. (Dkt. Nos. 36, 38). The Court extended Defendants' deadline to January 22, 2019. (Order of the Court dated Jan. 8, 2019). On January 22, 2019, Defendants filed an additional request to extend their time to respond. (Dkt. No. 39). The Court granted a final extension and set Defendants' deadline to respond to February 5, 2019. (Order of the Court dated Jan. 23, 2019). On February 5, 2019, Elbert Nasis, Esq. appeared on behalf of, and moved to substitute as counsel for, all Defendants. (Dkt. Nos. 40, 42-45). Defendants also submitted a letter to the Court stating their refusal to Plaintiffs' amendments and setting forth a briefing schedule consented to by Plaintiffs. (Dkt. No. 41). The Court approved the substitution of counsel and granted the parties' proposed briefing schedule. (Orders of the Court dated Feb. 6, 2019).

## **STATEMENT OF FACTS**[1]

**Rivera's Work for Defendants**

Plaintiff Rivera's claims are in all substantive ways identical to the Named Plaintiffs' claims. Rivera worked for Defendants for three separate periods spanning February 2011 through March 2018. (Am. Compl. ¶ 65). Like Plaintiffs, Rivera worked for Defendants as a construction employee, specifically performing laborer duties, as did Plaintiff Porter. (*Id.* ¶¶ 66). Like Simmons and Porter, Rivera typically worked in excess of forty (40) hours per week but was paid straight-time rates for all hours worked in excess of forty. (*Id.* ¶¶67). Rivera's weekly wages were typically short by several hours, as were Simmons's and Porter's. (*Id.* ¶ 70). Even Rivera's hourly rates were similar to those paid to Simmons and Porter, particularly Porter. (*Id.* ¶¶ 68). Like Simmons and Porter, at no time did Rivera received with his payment of wages a breakdown of his total hours worked. (*Id.* ¶ 69).

**Defendants' Retaliation**

During the pendency of this Action, shortly after Plaintiffs expressed their intention to request leave to amend the Complaint to add Plaintiff Rivera as a Named Plaintiff and Baldwin Harbor as a Defendant, two (2) Plaintiffs experienced intimidating, threatening and harassing treatment from an individual believed to be an agent of Defendants. (Pelton Decl. ¶¶ 7-12 (setting forth Plaintiffs' report of incidents that occurred the evening of November 27, 2018)).

On November 27, 2018, an individual who claimed to be a representative of the IRS showed up at the front door of Simmons's and Rivera's respective residences. The visits occurred

---

[1] The facts set forth herein are of particular relevance to this Motion to Amend the Complaint. For all other facts and allegations relating to this Action, Plaintiffs respectfully refer the Court to the Statement of Facts section contained in Plaintiffs' proposed Second Amended Complaint, submitted contemporaneously herewith as Exhibit B to the Declaration of Brent E. Pelton.

approximately thirty (30) to forty-five (45) minutes apart, between approximately 8:00 pm and 9:00 pm.

Rivera did not speak with the individual but listened to the conversation from his second-floor apartment. His wife and his landlord, who lives on the first floor, spoke with the individual. Rivera believes that the individual showed some paper or documentation to identify himself as an IRS agent. The individual informed Rivera's wife and his landlord that Rivera "owed taxes for the time period that he worked for MooreGroup" and that "any more that [Rivera] received from the lawsuit would have to be paid to the IRS." The individual further stated that the only way for the "problem to go away" was for Rivera to "drop the lawsuit." The individual did not leave any paperwork with Rivera's wife or landlord.

That same evening, Simmons answered his door to an individual who likewise represented himself as an IRS agent. The individual made extremely similar statements to Simmons. During the conversation, Simmons observed that the individual possessed paperwork showing Simmons's and Plaintiff Porter's names. The individual did not leave any paperwork with Simmons.

Neither individual has received any correspondence from the IRS relating to this matter. Simmons contacted the IRS shortly after the interaction, and the IRS confirmed that they had not sent anyone to his residence. Plaintiffs strongly believe that it was the same individual who accosted both Simmons and Rivera at their homes and that this individual is an agent of Defendants who acted with the sole purpose of intimidating Simmons and Rivera into dropping their participation in this Action.

Based on these facts and having not received consent from Defendants' counsel, Plaintiffs now bring this Motion to Amend the Complaint.

## ARGUMENT

### I. LEGAL STANDARDS

Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The function of Rule 15(a) ... is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1473 (2d ed.). The Rule "reinforces one of the basic policies of the federal rules - that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." *Id.* In the Second Circuit, a party should be allowed to amend the pleadings in the absence of a showing by the nonmovant of undue delay, bad faith, futility or prejudice. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005).

Since Plaintiffs request to add parties, Rule 20(a) and Rule 21 of the Federal Rules of Civil Procedure are also pertinent, but in analyzing a motion to amend "there is in practical terms little difference between them" and Rule 15. *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07 Civ. 3956, 2009 U.S. Dist LEXIS 91570, at *8 n. 3 (E.D.N.Y. Sept. 28, 2009); *FTD Corp. v. Banker's Trust Co.*, 954 F.Supp. 106, 109 (S.D.N.Y.1997) ("Although Rule 21, and not Rule 15(a), normally governs the addition of new parties to an action, 'the same standard of liberality' applies under either Rule.") (quoting *Fair Housing Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)). Indeed, Rule 21 says that "the court may at any time, on just terms, add or drop a party." Considerations include "judicial economy and [the court's] ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the

amendment would have on the judicial system, and the impact the amendment would have on each of the parties already named in the action." *Michalek v. Amplify Sports & Entm't LLC*, No. 11 Civ. 508, 2012 U.S. Dist. LEXIS 85727, at *3-4 (S.D.N.Y. June 20, 2012).

## II.  PLAINTIFFS' AMENDMENT SHOULD BE PERMITTED

### A.  Plaintiffs' Proposed Amendment is Not Futile.

Under Rule 15(a), the Court may deny leave to amend if the amendment would be futile. *See* Fed. R. Civ. P. 15(a); *M'Baye v. World Boxing Ass'n*, No. 05 Civ. 9581, 2006 U.S. Dist. LEXIS 53869, at *4-*5 (S.D.N.Y. 2006) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). A proposed amended pleading is futile when it fails to state a claim. *Health-Chem. Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990).

The proposed amendments are not futile, as they "would survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[.]" *Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 55-56 (E.D.N.Y. 2003). Rivera is a former employee of Defendants with valid claims for the same wage and hour claims as the Named Plaintiffs: unpaid overtime and failure to provide wage statements and wage notices. The addition of Rivera is a named plaintiff is appropriate because "the facts that give rise to all of Plaintiffs' claims, under state or federal law, are the same," *Hernandez v. NJK Constr., Inc.*, No. 09 Civ. 4812, 2015 U.S. Dist. LEXIS 57568, at *63-*65 (E.D.N.Y. May 1, 2015), since they "arise out of the 'same transaction, occurrence or series of transactions or occurrences' as those outlined in the complaint." *Lopez v. Setauket Car Wash & Detail Ctr.*, No. 12 Civ. 6324, 2015 U.S. Dist. LEXIS 2594, at *4-*5 (E.D.N.Y. Jan. 7, 2014) (granting amendment of FLSA/NYLL complaint to add certain opt-in plaintiffs as named plaintiffs).

In evaluating the addition of defendants, "courts apply the same standard of liberality afforded to motions to amend under Rule 15" and such amendment should only be denied on the basis of "undue delay, bad faith, futility or prejudice." *Henriquez v. Kelco Landscaping, Inc.*, 299 F.R.D. 376, 379 (E.D.N.Y. 2014). Plaintiffs' claims are asserted against the current Defendants as well as an additional corporate entity that paid Rivera during a portion of his employment, which Plaintiffs believe is either part of a single-integrated enterprise with MooreGroup and/or is a successor to MooreGroup. The addition of Baldwin Harbor as a defendant is appropriate because it too was a party to the transactions outlined in the Amended Complaint, and its payment policies appear to be inextricably intertwined with Defendants, as Baldwin Harbor paid Rivera during portions of his employment with Defendants—at the same rates, by the same means and including the same wage and hour violations as he experienced previously. It is notable that Plaintiff Rivera received paychecks from Baldwin's Harbor only after the Complaint was served upon Defendants in early to mid-January, 2018. Plaintiffs have alleged that Baldwin Harbor: is owned, operated, managed and controlled by the Individual Defendants; performs no independent business operations apart from MooreGroup; has no financial resources or existence apart from MooreGroup; uses payment policies set by the Individual Defendants to pay MooreGroup employees; and generally has no meaningful existence apart from its purpose of paying MooreGroup employees for the apparent purpose of deflecting scrutiny of MooreGroup's payroll or payment practices. As such, the business of Baldwin Harbor—which appears to consist entirely of paying MooreGroup employees—is "so intertwined" with MooreGroup "that is difficult to tell where the business of [one] stops and the business of [the other] begins." *Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, No. 14 Civ. 5269, 2016 U.S. Dist. LEXIS 127425, at *58, 61 (E.D.N.Y. Sept. 16, 2016) (also discussing factors of single integrated enterprise liability). In other

words, it is Rivera's experience that there is complete continuity between Baldwin Harbor and MooreGroup Corporation. When Rivera was paid by Baldwin Harbor, he performed the same job duties, for the same supervisors, and for the same pay as when he was paid by MooreGroup. Plaintiffs have thus alleged substantial continuity between Baldwin Harbor and MooreGroup Corporation, such that Baldwin Harbor appears to have no independent existence apart from MooreGroup. *See Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 U.S. Dist. LEXIS 62653, at *3 (S.D.N.Y. June 22, 2010) (finding successor liability where there was "substantial continuity" between the entities and "same workforce, same job titles, same supervisors").

Finally, Plaintiffs' retaliation claims are not futile. The standards for stating FLSA and NYLL retaliation claims are similar, and both require that Plaintiffs plead: "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Salazar v. Bowne Realty Assocs., LLC*, 795 F. Supp. 2d 378, 384 (E.D.N.Y. July 7, 2011) (citing *Mullins v. City of New York*, 626 F.3d 47 (2d Cir. 2010)). The first element is easily established, since "[b]y joining this action… plaintiffs undoubtedly engaged in protected activity known to the defendants." *Mullins v. City of New York*, 634 F. Supp. 2d 373, 378 (S.D.N.Y. 2009). As to the second element, a plaintiff must "show that the challenged action well might have dissuaded a reasonable worker from making or supporting" a charge against the employer. *Romero v. Bestcare, Inc.*, No. 15 Civ. 7397, 2018 U.S. Dist. LEXIS 33901, at *10 (E.D.N.Y. Feb. 28, 2018). The threats delivered to Simmons and Rivera clearly satisfy this requirement and in fact explicitly warned Simmons and Rivera to "drop the lawsuit" if they wanted to avoid problems with the IRS. There be no doubt that dissuading them from asserting their FLSA and NYLL rights was the sole purpose of the actions taken against Simmons and Rivera. Finally, the causal connection is

obvious. It is well established that a "causal connection between the protected activity and the adverse action can be established by either 'evidence of retaliatory animus directed against a plaintiff by the defendant' or a close temporal proximity between the protected activity and the adverse employment action." *Hui Lin v. Great Rose Fashion, Inc.*, No. 08 Civ. 4778, 2009 U.S. Dist. LEXIS 46726, at *52-53 (E.D.N.Y. June 2, 2009) (quoting *DeCintio v. Westchester Cty. Medical Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987)). Both forms of proof are present here, where the individual impersonating an IRS official expressly told Simmons and Rivera to "drop their lawsuit," demonstrating clear retaliatory animus, approximately two (2) months after Rivera joined this Action as an opt-in plaintiff and less than three (3) weeks after Plaintiffs sought to add Rivera as a Named Plaintiff and to add Baldwin Harbor as a Defendant based on Rivera's experiences. As noted by the Court in *Santi v. Hot in Here, Inc.*, No. 18 Civ. 3028, 2019 U.S. Dist. LEXIS 10296, at *13-14 (S.D.N.Y. Jan. 22, 2019), a causal connection may exist where an adverse action took place after a specific development in a lawsuit, as occurred here, where the adverse actions very shortly followed Plaintiffs' request for leave to amend the Complaint.

### B. There Has Not Been Undue Delay, Bad Faith, or Dilatory Motive.

Plaintiffs have not delayed in moving to amend the pleadings, and there is no evidence of bad faith. Plaintiffs initially sought leave to file this motion less than two (2) months after Rivera joined this Action as an opt-in plaintiff and Plaintiffs learned that he received paychecks from Baldwin Harbor. In addition, Plaintiffs notified the Court of its intent to add the retaliation claims less than two (2) full days after the retaliatory incident took place. Where courts have found "no evidence that the [movants] have intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted. *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 271 (D. Conn. 2007); *see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193,

Case 1:17-cv-07405-KAM-VMS   Document 48   Filed 03/29/19   Page 16 of 19 PageID #: 193

198-99 (S.D.N.Y. 2014) (filing of motion to amend three (3) months after close of the opt-in period neither excessive nor in bad faith).  For all these reasons Plaintiffs acted diligently upon learning the information underpinning the proposed amendments and moved to amend promptly after discussing the amendment with Defendants and being informed that Defendants would not consent to the amendment.

Although the original deadline for joinder and amendments in this Action has passed, the Court's scheduling order specifically notes that "No amendment of the pleadings will be permitted after July 6, 2018 unless information unknown to the parties by this date later becomes available to them." (Dkt. No. 16). In this instance, the parties sent § 216(b) notice July 18, 2018, such that Plaintiffs were unable to learn the identities, let alone employment information, of any employees of Defendants other than the Named Plaintiffs until after that date.  Plaintiffs received Rivera's Consent form, filed it shortly thereafter, interviewed Rivera and requested permission to move to amend less than two (2) months later.  Plaintiffs followed up on their request to include retaliation claims less than two (2) full days after the retaliatory incident took place—long after the amendment date had passed.

As such, Plaintiffs have demonstrated good cause for seeking to amend the pleadings at this time, after the deadline set by the Court. Plaintiffs "cannot be faulted for failing to comply with the… deadline for amending the pleadings" as they "did not acquire the information underlying the proposed amendment until after the expiration of the deadline." *Nycomed U.S., Inc. v. Glenmark Generics, Ltd.*, No. 08-cv-5023, 2010 U.S. Dist. LEXIS 29267, at *34 (E.D.N.Y. Mar. 26, 2010). Plaintiffs gathered the information for joining Rivera and Baldwin Harbor after Rivera opted in to this Action pursuant to the parties' stipulated conditional certification motion, and learned about the retaliation after Plaintiffs Simmons and Rivera reported these incidents "and

- 11 -

filed their motion to amend their complaint within a reasonable time after discovering these facts." *Veeder v. Nutting*, No. 10 Civ. 665, 2012 U.S. Dist. LEXIS 57276, at *15-*16 (N.D.N.Y. Apr. 24, 2012). As such, "Plaintiffs acted diligently in filing their proposed amended complaint." *Id.*

### C. Defendants Will Not Be Prejudiced.

Defendants will not be unduly prejudiced by the amendment. In the Second Circuit, "a court must consider 'whether the assertion of the new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Luellen v. Hodge*, No. 11 Civ. 6144P, 2013 U.S. Dist. LEXIS 141484, at *18 (W.D.N.Y. Sept. 30, 2013) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Each of these factors weighs in favor of permitting the proposed amendment.

Defendants have been aware of the participation of Rivera in this matter since Plaintiffs filed his Consent form on September 19, 2018. Indeed, Defendants have produced certain discovery documents as to Rivera.

Due to the withdrawal and appearance of Defendants' counsel, it is unclear whether and to what extent the most recent discovery deadline of December 31, 2018 has been extended, as these events occurred after the Court issued its most recent discovery scheduling order. (*See* Order of the Court dated Nov. 15, 2018). Even where discovery has definitively closed, courts often permit parties to amend pleadings. *See Michalek*, 2012 U.S. Dist. LEXIS 85727 at *13-16 ("[w]here the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded, the mere fact that discovery has concluded does not provide a reason for denying leave to amend") Regardless, as it appears that Baldwin Harbor exists primarily, if not solely, to produce paychecks, the additional discovery required by its

joinder as a defendant will likely be minimal. At this time there is no current schedule for a class certification or dispositive motion, so final resolution of this Action will not be unduly delayed by Plaintiffs' amendment.

It is much more efficient and less burdensome for Plaintiff Rivera to pursue his claims in this case, and it would be absurd for him to file separate actions since he is already a participant in this case. *See, e.g., Scott*, 300 F.R.D. at 199 (because amended complaint relied on "essentially the same facts as were set out in the original complaint, forcing plaintiffs to institute a new action against the defendant would run counter to the interests of judicial economy") (internal citations omitted); *Gonyer v. Vane Line Bunkering, Inc.*, No. 13 Civ. 8488, 2014 U.S. Dist. LEXIS 102532, at *8-*9 (S.D.N.Y. July 25, 2014) (granting motion to amend to substitute certain opt-in plaintiffs for original named plaintiffs who accepted a Rule 68 offer of judgment). Likewise, amendment of the Complaint to include the retaliation claims is appropriate, as the incidents were experienced by two individuals already participating in this Action and the retaliation is directly linked to their employment by Defendants as well as their participation in this Action.

## **CONCLUSION**

The Plaintiffs acted in a timely fashion in filing this motion, which not does unduly prejudice Defendants and is not futile, based on the similarity of the facts and claims alleged by Emanuel Colajay Rivera, the intertwined nature of the business of Baldwin Harbor with MooreGroup, and the retaliation experienced by two Plaintiffs for their participation in this Action. For the reasons stated above, the Plaintiffs respectfully request that the Motion to Amend be granted, that Emanuel Colajay Rivera be added as a Plaintiff, that Baldwin Harbor Contracting Inc. be added as a Defendant, and that Plaintiffs Simmons's and Rivera's retaliation claims be added to the wage and hour claims.

Dated: New York, New York
February 27, 2019

Respectfully submitted,

**PELTON GRAHAM LLC**

By:  */s/ Brent E. Pelton*
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorney for Plaintiffs, FLSA Collective and putative Class*