**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSHUA PORTER and SHARKEY SIMMONS, Individually and on Behalf of All Others Similarly Situated,**<br><br>                **Plaintiffs,**<br><br>-against-<br><br><br>**MOOREGROUP CORPORATION, JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally,**<br><br>                **Defendants.** | **17 Civ. 7405 (KAM)(VMS)** |

<u>**DECLARATION OF BRENT E. PELTON, ESQ. IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**</u>

I, Brent E. Pelton, declare under penalty of perjury that the following is true:

1.      I am an attorney for the plaintiff in this action.  I make this declaration in connection with Plaintiffs' Motion for Leave to Amend the Complaint ("Motion to Amend"), filed contemporaneously herewith.

2.      Named Plaintiffs Joshua Porter and Sharkey Simmons (the "Named Plaintiffs") commenced this collective action on behalf of themselves and all on behalf of all others similarly situated by filing Plaintiffs' Collective Action Complaint on December 20, 2017. (Dkt. No. 1). A copy of the filed Collective & Class Action Complaint is attached hereto as **Exhibit A.**

3.      Defendants Mooregroup Corporation, John Moore, Gary Moore and Martin Moore (collectively, "Mooregroup" or "Defendants") filed their Answer to the Collective & Class Action Complaint on February 23, 2018. (Dkt. No. 14).

4.      The parties stipulated to conditional certification of an FLSA § 216(b) collective and dissemination of notice. (Dkt. No. 19).  The Court approved the parties' stipulation. (Dkt. No. 21).

5.      Four (4) individuals opted into this Action (the "Opt-in Plaintiffs"), including Emanuel Colajay Rivera. (Dkt. No. 27).

6.      On November 9, 2018, Plaintiffs filed a pre-motion letter regarding their anticipated motion for leave to amend the Class & Collective Action Complaint to add Opt-in Plaintiff Rivera as a Named Plaintiff and Baldwin Harbor Contracting Corp. as a Defendant, based on Plaintiff Rivera's experience of receiving checks from that entity for a portion of his employment with Mooregroup. (Dkt. No. 31).  The Court scheduled a pre-motion conference to address Plaintiffs' request for November 29, 2018, which was later adjourned to November 30, 2018. (*See* Orders of the Court dated Nov. 21, 2018 and Nov. 27, 2018). On November 27, 2018 Defendants filed a letter opposing the amendment in part. (Dkt. No. 33).

7.      This office was contacted by Plaintiffs Simmons and Rivera to report extremely similar and highly disturbing incidents that occurred on November 27, 2018.  Plaintiffs Simmons's and Rivera's account of the incident follows:

8.      Plaintiffs Simmons and Rivera described the following to our office: On November 27, 2018, an individual impersonating an IRS agent showed up at the residences of Plaintiffs Simmons and Rivera.  The visits occurred approximately thirty (30) to forty-five (45) minutes apart between approximately 8:00 pm and 9:00 pm.

9.      Plaintiff Rivera did not speak with the individual but listened to the conversation from his second-floor apartment.  His wife and his landlord, who lives on the first floor of the building, spoke with the individual.  Rivera believes that the individual showed some paper or

documentation to identify himself as an IRS agent.  The individual informed Rivera's wife and his

landlord that Rivera "owed taxes for the time period that he worked for Mooregroup" and that

"any more that [Rivera] received from the lawsuit would have to be paid to the IRS."  The

individual further stated that the only way for the "problem to go away" was for Rivera to "drop

the lawsuit."  The individual did not leave any paperwork with Rivera's wife or landlord.

10.     That same evening, Simmons answered his door to an individual who likewise

represented himself as an IRS agent.  The individual made extremely similar statements to

Simmons.  During the conversation, Simmons observed that the individual possessed paperwork

showing Simmons's and Plaintiff Porter's names.  The individual did not leave any paperwork

with Simmons.

11.     Neither individual has received any correspondence from the IRS relating to this

matter.  Simmons contacted by the IRS shortly after the interaction, and the IRS confirmed that

they had not sent anyone to his residence.

12.     Plaintiffs strongly believe that it was the same individual who accosted both

Simmons and Rivera at their homes and that this individual is an agent of Defendants who acted

with the sole purpose of intimidating Simmons and Rivera into dropping their participation in this

lawsuit.

13.     On November 29, 2018, Plaintiffs submitted a letter to the Court describing the

retaliation incidents. (Dkt. No. 34).

14.     At the Court conference, Defendants were instructed to file a letter by December 7,

2018, informing the Court and Plaintiffs whether they would consent to the filing of an amended

complaint. (*See* Order of the Court dated Nov. 30, 2018).  Subsequently, following the withdrawal

and appearance of two sets of counsel, Defendants' final deadline to make this submission was

extended to February 5, 2019. (*See* Dkt. Nos. 36, 38, 40, 42-54; Orders of the Court dated Jan. 8, 2019, Jan. 23, 2019).  On that day, Defendants notified the Court that they would not consent to the filing of an amended complaint and set forth the briefing schedule consented to by the parties. (Dkt. No. 41).

15.    Plaintiffs' proposed Amended Class & Collective Action Complaint is attached hereto as **Exhibit B**.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 27ᵗʰ day of February, 2019.

/s/ *Brent E. Pelton*

Brent E. Pelton, Esq. (BP 1055)
**PELTON GRAHAM LLC**
111 Broadway, Suite 1503
New York, New York 10006
Tel.: (212) 385-9700, Fax: (212) 385-0800
pelton@peltongraham.com

*Attorneys for Plaintiffs, the FLSA Collective and putative Class*