UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOSHUA PORTER and SHARKEY SIMMONS, Individually
and on Behalf of All Others Similarly Situated,

                                                          Plaintiffs,                      17-CV-7405 (KAM)(VMS)

       - against –


MOOREGROUP CORPORATION, JOHN MOORE,
GARY MOORE, and MARTIN MOORE, Jointly and
Severally,

                                           Defendants.

-------------------------------------------------------------------------X


---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT

---

FORCHELLI DEEGAN TERRANA LLP
*Attorneys for Defendants*
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel.: (516) 248-1700

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

PROCEDURAL HISTORY .................................................................................... 2

STATEMENT OF FACTS ..................................................................................... 4

LEGAL ARGUMENT ............................................................................................ 5

    I.    Plaintiffs failed to demonstrate good cause to warrant amending the scheduling order to extend the deadline to amend the Complaint and therefore should not be permitted to amend their Complaint ............................................................................ 5

        A.  Plaintiffs unreasonably delayed and were not diligent in requesting a pre-motion conference to address their anticipated motion to amend their Complaint ............................................................................................................ 6

        B.  Defendants will be prejudiced if Plaintiffs' motion is granted ............................... 7

        C.  Proposed defendant Baldwin Harbor is not related to the Defendants, is owned by different people, and is not aware of this lawsuit ................................. 9

        D.  The Colajay and Baldwin Harbor issues do not concern the other Defendants ... 10

        E.  Defendants would need extensive additional discovery of Colajay ..................... 10

    II.    Even assuming Plaintiffs can demonstrate good cause, Plaintiffs' motion should be denied nevertheless as they cannot meet their burden under Rule 15 ................. 11

        A.  Adding Colajay as a named plaintiff is futile ....................................................... 12

        B.  Plaintiffs' allegations against Baldwin Harbor are not plausible on their face .... 14

        C.  Plaintiffs' retaliation cause of action is futile ...................................................... 16

CONCLUSION ..................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Albrecht v. Long Island Rail R.R.*,
   134 F.R.D. 40 (E.D.N.Y. 1991) ..................................................................................8

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
   760 F.2d 442 (2d Cir. 1985) .....................................................................................9

*Baez v. Visiting Nurse Serv. of New York Family Care Serv.*,
   2011 WL 5838441 (S.D.N.Y. 2011) .......................................................................17

*Briceno v. USI Servs. Grp., Inc.*,
   2016 WL 324964 (E.D.N.Y. 2016) ......................................................................8, 10

*Clarke v. U.S.*,
   107 F. Supp. 3d 238 (E.D.N.Y. 2015) ...............................................................14, 15

*CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*,
   2013 WL 12329546 (E.D.N.Y. 2013) ..............................................................6, 7, 11

*Cummings-Fowler v. Suffolk Cnty Cmty. Coll.*,
   282 F.R.D. 292 (E.D.N.Y. 2012) ......................................................8, 11, 12, 14

*Eberle v. Town of Southampton*,
   985 F. Supp. 2d 344 (E.D.N.Y. 2013) ...............................................................5, 11

*Ethelberth v. Choice Sec. Co.*,
   91 F. Supp. 3d 339 (E.D.N.Y. 2015) .......................................................................15

*Field Day, LLC v. Cnty. of Suffolk*,
   2013 WL 55697 (E.D.N.Y. 2013) .............................................................................5

*Innis v. City of New York*,
   2017 WL 4797904 (S.D.N.Y. 2017) ..........................................................................4

*Kaplan v. Wings of Hope Residence, Inc.*,
   2018 WL 6437069 (E.D.N.Y. 2018) .......................................................................15

*Leon v. Russo*,
   2010 WL 11632642 (E.D.N.Y. 2010) ......................................................................11

*Nicastro v. New York City Dep't of Design & Constr.*,
   125 F. App'x 357 (2d. Cir. 2005) .............................................................................17

*Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*,
  167 F.R.D. 643 (E.D.N.Y. 1996) ................................................................12

*Polit v. Global Int'l Corp.*,
  2017 WL 1373907 (S.D.N.Y. 2017) ...........................................................18

*Portelos v. City of New York*,
  2015 WL 5475494 (E.D.N.Y. 2015) ......................................................10, 11

*Romero v. Floris Constr., Inc.*,
  2017 WL 5592681 (E.D.N.Y. 2017) ...........................................................18

*Salazar v. Bowne Realty Assocs., L.L.C.*,
  796 F. Supp. 2d 378 (E.D.N.Y. 2011) .........................................................17

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*,
  246 F.R.D. 143 (E.D.N.Y. 2007) .........................................................8, 9, 14

*US Airways, Inc. v. Sabre Holdings Corp.*,
  2013 WL 1387023 (S.D.N.Y. 2013) .............................................................9

*Young v. Cooper Cameron Corp.*,
  586 F.3d 201 (2d Cir. 2009) .......................................................................13

*Zhang v. Wen Mei, Inc.*,
  2017 WL 8813132 (E.D.N.Y. 2017) (Locke, Mag. J.) ...............................14

**Statutes**

29 U.S.C. § 255 ..........................................................................................12

29 U.S.C. § 256 ..........................................................................................13

N.Y. Lab. Law § 198 ..................................................................................13

N.Y. Lab. Law § 215 ..................................................................................18

**Rules**

Fed. R. Civ. P. 15 .......................................................................................11

Fed. R. Civ. P. 16 .........................................................................................5

Fed. R. Civ. P. 21 .......................................................................................14

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants MooreGroup Corporation ("Moore Group"), John Moore, Gary Moore, and Martin Moore (collectively, "Defendants") in opposition to Plaintiffs' Motion for Leave to Amend their Complaint pursuant to Federal Rules of Civil Procedure 15(a), 20(a), and 21. Plaintiffs seek leave to amend their Complaint to add opt-in plaintiff Emanuel Colajay Rivera ("Colajay") as a named plaintiff, add Baldwin Harbor Contracting, Inc. ("Baldwin Harbor") as a defendant, and assert two new causes of action alleging retaliation. However, Plaintiffs' motion is untimely and Plaintiffs have not demonstrated good cause sufficient to warrant granting this motion. Consequently, Plaintiffs' motion to amend their Complaint should be denied.

The Court's scheduling order set a deadline of July 6, 2018 to amend the complaint or add parties. Plaintiffs did not seek an extension of this deadline nor did they seek to amend the complaint or add parties prior to the deadline. After the deadline, on September 19, 2018, Colajay opted-in to the lawsuit. Thereafter, Plaintiffs informed the Court that they intended to seek leave to amend the Complaint. However, they waited two months before requesting a pre-motion conference regarding their anticipated motion to amend the Complaint. Discovery closed on December 31, 2018, prior to the date Plaintiffs filed the instant motion.

Plaintiffs have failed to meet their burden of demonstrating good cause as they failed to establish that: (i) they acted with due diligence and (ii) Defendants would not be prejudiced by the proposed amendments. In delaying two months after Colajay opted-in before requesting a pre-motion conference, Plaintiffs did not act with diligence and all but assured that discovery with respect to Colajay's claims would not be completed before the discovery deadline. Further, Defendants will be significantly prejudiced if the instant motion is granted as the amendments will

1

undoubtedly require that the Court re-open discovery for the parties to engage in substantial and time-consuming discovery and motion practice. The prejudice to Defendants is further exacerbated by the simple fact that the proposed amendments rely on separate, new, and distinct facts concerning an entirely new defendant which is completely unrelated to the underlying factual basis for Plaintiffs' wage and hour claims. Accordingly, Plaintiffs' Motion for Leave to Amend the Complaint should be denied.

## PROCEDURAL HISTORY

On December 20, 2017, Plaintiffs Joshua Porter ("Porter") and Sharkey Simmons ("Simmons") filed a lawsuit against Defendants alleging that Defendants failed to properly compensate Plaintiffs and similarly situated employees for their overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs also alleged that Defendants failed to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3). [Dkt # 1]. On February 23, 2018, Defendants joined issue by serving their Answer. [Dkt # 14].

On March 15, 2018, the Court conducted an initial conference and entered an Initial Scheduling Order. [Dkt # 16]. The Initial Scheduling Order provided that "[n]o additional parties may be joined after 7/6/18. By this date, the parties may either stipulate to the addition of new parties or commence motion practice for joinder in accordance with the Individual Rules of the District Judge assigned to this case." [Dkt # 16 at ¶ 4]. Similarly, the Order stated: "[n]o amendment of the pleadings will be permitted after 7/6/18 unless information unknown to the parties by this date later becomes available to them. By this date, the parties may either stipulate to the amendments of the pleadings or commence motion practice for leave to amend the pleadings in accordance with the Individual Rules of the District Judge assigned to this case." [Dkt # 16 at

¶ 5]. Pursuant to the Initial Scheduling Order, all discovery was to be completed by December 21, 2018.

On May 15, 2018, the parties entered into a Stipulation and Order Conditionally Certifying a Fair Labor Standards Act Collective Action and Authorizing Notice to be Issued to All Persons Similarly Situated. [Dkt # 21]. The Order required Defendants to provide the contact information for the potential plaintiffs by July 14, 2018. Once Plaintiffs mailed the notices, potential plaintiffs were given sixty (60) days to opt-in, to approximately the end of September 2018. [Dkt # 21]. Magistrate Judge Scanlon scheduled a conference for July 19, 2018, in which the parties discussed the status of discovery and the need for any adjustments. Indeed, the parties requested an extension of the discovery deadline and were given until November 12, 2018 to complete discovery.[1] On October 11, 2018, the Court held another status and discovery conference and again extended the discovery deadline to December 31, 2018. [Dkt # 29]. Plaintiffs were given until November 9, 2018 to file a letter requesting a pre-motion conference for leave to amend the Complaint to add a new defendant and supplemental claims. As of this date, October 11, 2018, the opt-in period was closed and the parties were fully aware of what discovery was outstanding. Plaintiffs did not mention their intent to amend the Complaint to add opt-in Colajay as a named plaintiff.

Two days before the deadline for Plaintiffs to file their letter motion requesting leave to amend the Complaint, Defendants requested a brief extension of time to complete discovery in order to obtain documentation relating to the opt-in plaintiffs' employment. [Dkt # 30]. On November 9, 2018, Plaintiffs filed their letter requesting a pre-motion conference seeking leave to amend the Complaint. In this letter, for the very first time, Plaintiffs indicated that they sought to add opt-in plaintiff Colajay as a named plaintiff. [Dkt # 31]. On November 15, 2018, the Court

---

[1] Notably, the proposed Revised Scheduling Order did not extend the deadlines for the parties to amend the pleadings or join additional parties. [Dkt # 22].

granted Defendants' request, extending the deadline to complete paper discovery until November 26, 2018, and leaving the December 31, 2018 deadline to complete all discovery unchanged.

Thereafter, Defendants did not consent to Plaintiffs' request for leave to file an amended Complaint, and Plaintiffs filed the instant motion. Since November 15, 2018, there has been no request for relief from the Court's Order and discovery closed on December 31, 2018.

## STATEMENT OF FACTS

Porter was employed by the Moore Group as a fire guard from January 2016 to August 2017.[2] (Ex. B at ¶ 47).[3] Simmons was employed by the Moore Group as a fire guard from November 2016 to January 2017 and as a welder from January 2017 to September 2017. (*Id.* at ¶ 57). Neither Porter nor Simmons were employed by the Moore Group in 2018. (*Id.* at ¶¶ 42, 52).

Opt-in Plaintiff Colajay was allegedly employed by the Moore Group as a laborer and carpenter from: February 2011 to November 2011; January 2012 to December *2017; and February 21, 2018 to March 19, 2018. (*Id.* at ¶¶ 69-70). During the brief one (1) month period from February 21, 2018 through March 19, 2018, Colajay received his wages via check from Baldwin Harbor. (*Id.* at ¶ 75).

On November 27, 2018, over eleven (11) months after Porter and Simmons filed their Complaint, and over two (2) months after Colajay executed the Opt-In Consent Form, an unidentified man claiming to be from the IRS allegedly attempted to speak with Simmons and Colajay. (*Id.* at ¶ 86). Colajay did not speak with the unidentified man, but instead listened to the conversation, which took place at the entrance on the first-floor, from a second-floor apartment.

---

[2] For the purposes of this motion only, Defendants rely on the factual allegations in Plaintiffs' proposed Amended Class & Collective Action Complaint. *See Innis v. City of New York*, 2017 WL 4797904, *2 (S.D.N.Y. 2017) (stating that for the purposes of the amended complaint the court "must assume the truth of the allegations in the proposed amended complaint unless they are contradicted by judicially noticeable facts").

[3] All references to "Ex. B" refer to Plaintiffs' proposed Amended Class & Collective Action Complaint, which is attached to the Declaration of Brent E. Pelton, Esq. in Support of Plaintiffs' Motion for Leave to Amend the Complaint, dated February 27, 2019.

Although he was on the second floor and unable to see what was happening, Colajay alleges that he believes the individual presented documentation indicating that he was an IRS agent. (*Id.* at ¶ 87). The unidentified individual allegedly informed Colajay's wife and landlord that Colajay owed taxes for the period of his employment with the Moore Group and any money he received from the instant lawsuit would be paid to the IRS. (*Id.* at ¶ 88). Simmons, on the other hand, alleges he spoke with the unidentified IRS agent regarding the taxes associated with his employment with the Moore Group. (*Id.* at ¶ 89). Similar to Colajay, Simmons did not receive any documentation from the purported IRS agent. Plaintiffs allege that the unidentified man was an agent of the Defendants sent to intimidate them into dropping the instant lawsuit. (*Id.* at ¶ 92).

<div align="center">LEGAL ARGUMENT</div>

I.   <u>Plaintiffs failed to demonstrate good cause to warrant amending the scheduling order to extend the deadline to amend the Complaint and therefore should not be permitted to amend their Complaint.</u>

While motions to amend the complaint are generally governed by Rule 15 of the Federal Rules of Civil Procedure, when a scheduling order has already been issued, the plaintiff must satisfy the higher burden under Rule 16 by demonstrating good cause to warrant amending the scheduling order to extend the deadline to amend the complaint. *See Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y. 2013). Under Rule 16, the scheduling order "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16. The purpose of this rule is to ensure, that at some point, the parties and pleadings are fixed and the pretrial proceedings can continue. *See Eberle*, 985 F. Supp. 2d at 346.

The court must address this "'good cause' standard under Rule 16 before an analysis under Rule 15 is conducted." *Field Day, LLC v. Cnty. of Suffolk*, 2013 WL 55697, *2 (E.D.N.Y. 2013). In order to demonstrate good cause, Plaintiffs must establish more than "the mere absence of

<div align="center">5</div>

prejudice, bad faith, futility, or similar factors," as required by Rule 15. *CSX Transp., Inc. v. Emjay Envtl. Recycling, Ltd.*, 2013 WL 12329546, *2 (E.D.N.Y. 2013). Rather, Plaintiffs must demonstrate: (1) diligence in their efforts to meet the Court's deadlines; and (2) that Defendants will not suffer prejudice. *See id.* at *3. Here, Plaintiffs cannot meet this elevated standard.

### A. Plaintiffs unreasonably delayed and were not diligent in requesting a pre-motion conference to address their anticipated motion to amend their Complaint.

Plaintiffs seemingly did not become aware of the facts underlying their proposed amendments until after the expiration of the July 6, 2018 deadline to amend the pleadings and join new parties. However, two months after the deadline to amend the pleadings and join new parties, on September 19, 2018, Colajay opted-in to the collective action and Plaintiffs supposedly became aware of the alleged need to amend the Complaint to join Baldwin Harbor as a Defendant. (Nasis Dec. ¶ 3, Ex. 1).[4] Yet Plaintiffs inexplicably delayed until November 9, 2018 to request a pre-motion conference regarding their intent to seek leave to amend the Complaint. [Dkt # 31].

In an analogous case, the plaintiff delayed amending the complaint until the discovery deadline was imminent and then sought an amendment, adding two new defendants, which required a substantial amount of additional discovery. *See Martin v. MTA Bridges & Tunnels*, 2008 WL 2796640, *1-2 (S.D.N.Y. 2008). In *Martin*, the court denied plaintiff's motion to amend the complaint as untimely as plaintiff advised that he intended to amend the complaint and then waited months before filing. *See id.* at *1.

Similarly, Plaintiffs in this action unduly delayed requesting a pre-motion conference until near the end of discovery. Between September 13, 2018, when Colajay executed the consent form, and November 9, 2018, when Plaintiffs requested a pre-motion conference, Plaintiffs took no steps

---

[4] All references to "Nasis Dec." refer to the Declaration of Elbert F. Nasis, Esq. Submitted in Opposition to Plaintiffs' Motion for Leave to Amend their Complaint, dated March 20, 2019, and the exhibit attached thereto.

towards amending their Complaint.  [Dkt # 31].  Although Plaintiffs were aware that all discovery was to be completed by December 31, 2018, Plaintiffs waited until November 9, 2018 before formally seeking leave to amend the Complaint.  Notably, this was after the Court put the parties on notice that it intended to adhere to a tight discovery schedule when it denied the parties' proposed Revised Scheduling Order, seeking extension of the discovery deadline to March 21, 2019.  [Order on Dkt # 22].  Rather, the Court extended the discovery period until only November 12, 2018.  [Order on Dkt # 22].  Nevertheless, Plaintiffs sought an amendment, seeking to add Baldwin Harbor as a defendant, just weeks before the discovery deadline.  [Dkt # 34].  In light of the foregoing, it is clear Plaintiffs did not act with proper diligence as their two-month delay in requesting a pre-motion conference all but assured that discovery on the proposed amendments could not be completed prior to the December 31, 2018 discovery deadline.  As such, this Court should rule similarly here, as the court did in *Martin*, and deny Plaintiffs' Motion for Leave to Amend the Complaint as untimely.

Even if the Court were to find that Plaintiffs acted with diligence, the inquiry does not end there.  The Court must also consider "whether allowing the amendment of the pleadings at this stage of the litigation will prejudice defendants."  *CSX Transp., Inc.*, 2013 WL 12329546 at *3.

### B.  Defendants will be prejudiced if Plaintiffs' motion is granted.

Granting Plaintiffs' proposed amendments at this late stage of litigation would significantly prejudice Defendants.  To determine whether a party will be unduly prejudiced by a proposed amendment, the Court must look to whether the amendment would "(1) require the opponent to 'expend significant additional resources to conduct discovery and prepare for trial,' (2) significantly prolong the resolution of the action, or (3) 'prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Cummings-Fowler v. Suffolk Cnty Cmty. Coll.*, 282 F.R.D. 292,

297 (E.D.N.Y. 2012).

To begin with, pursuant to the Court's November 15, 2018 Order, discovery closed on December 31, 2018. If Plaintiffs' motion were granted, the parties would be required to conduct additional discovery with respect to Plaintiffs' proposed amendments, which are wholly unrelated to, and separate and distinct from, the initial wage and hour claims asserted by Plaintiffs Porter and Simmons. This alone would substantially prejudice Defendants. *See Briceno v. USI Servs. Grp., Inc.*, 2016 WL 324964, *5 (E.D.N.Y. 2016) ("courts are 'more likely to find an amendment prejudicial if discovery has closed'").

Furthermore, even though Plaintiffs' retaliation causes of action allegedly refer to the same parties, that is where the similarities end. Plaintiffs' retaliation claims are allegedly premised on facts that are completely unrelated to the hours they worked and the wages they received and have not been discussed at all in discovery. *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (prejudice is typically found when the amendment asserts new and distinct claims). It is clear that, should the Court allow Plaintiffs to amend their Complaint, the parties will have to start anew with paper discovery and depositions. Indeed, Defendants will seek to depose, at a minimum, non-party witnesses Colajay's wife and landlord. These individuals possess no knowledge of Plaintiffs' wages and hours and their testimony would relate solely to Colajay's allegations of Defendants' supposed retaliation. This testimony, which is completely unrelated to the underlying wage and hour claims, would potentially confuse the jury. *See Albrecht v. Long Island Rail R.R.*, 134 F.R.D. 40, 40-41 (E.D.N.Y. 1991) (finding that claims against same party arising from different incident were more appropriately treated as separate actions as separate witnesses and unrelated testimony could confuse the trier of fact and prejudice defendants); *see also Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446

8

(2d Cir. 1985) (denying motion to amend when amendment consisted of new claims from a different time period and different statute, noting that it "allege[d] an entirely new set of operative facts of which it cannot be said that the original complaint provided fair notice").

Not only will the addition of these claims unnecessarily complicate discovery and confuse the jury, but they will present a host of procedural complications at trial, including unnecessarily expanding the scope of the trial with separate and distinct claims unrelated to the underlying wage and hour claims, and potentially confuse the jury, to the detriment of the Moore Group, as Baldwin Harbor has the burden of establishing its business and the work performed by Colajay for the one (1) month period and may assert cross-claims on the unrelated causes of action. *See US Airways, Inc. v. Sabre Holdings Corp.*, 2013 WL 1387023 (S.D.N.Y. 2013) (denying amendment of pleadings when discovery was at advanced stage and it would "necessitat[e] new discovery at a very late stage and greatly complicate any trial" and stating that if defendant wished to assert the counterclaim it would have to be in a different action).

### C. Proposed defendant Baldwin Harbor is not related to the Defendants, is owned by different people, and is not aware of this lawsuit.

Similarly, Defendants will be prejudiced by Plaintiffs' proposed amendment to add Baldwin Harbor as a defendant. Non-party Baldwin Harbor has yet to appear in this lawsuit and upon information and belief, is not even aware of this lawsuit. *See State Farm Mut. Auto. Ins. Co.*, 246 F.R.D. at 148-49 (prejudice is typically found when the amendment adds a party). As such, if Plaintiffs' amendment is allowed, this lawsuit will essentially revert back to the pleading stage as Baldwin Harbor has yet to be served or file a responsive pleading, conduct any discovery, or have access to any motion practice. Indeed, if Baldwin Harbor files a pre-answer motion to dismiss, this lawsuit would be unnecessarily protracted and it would unnecessarily cause increased litigation costs for Defendants. Even if Baldwin Harbor does not file a motion to dismiss, the

prospect of concluding this lawsuit within the next several months is very unlikely as both Plaintiffs and Baldwin Harbor will undoubtedly issue comprehensive discovery demands before proceeding to depositions. Either way, adding Baldwin Harbor as a defendant at this late time will significantly delay the resolution of this action. *See Portelos v. City of New York*, 2015 WL 5475494, *2 (E.D.N.Y. 2015) ("delay in the final disposition of an action is one of the most important considerations when determining whether an amendment would prejudice the other party").

**D. The Colajay and Baldwin Harbor issues do not concern the other Defendants.**

The prejudice Defendants will suffer by the proposed amendment is even more unreasonable given the fact that the claims against Baldwin Harbor are isolated to opt-in plaintiff Colajay, limited to a duration of one (1) month, and separate and distinct from the claims against the Moore Group. Although Plaintiffs' proposed amended Complaint inartfully conflates Plaintiffs' allegations against Baldwin Harbor and the Moore Group as "Corporate Defendants," the fact of the matter is the allegations against Baldwin Harbor are isolated to a one (1) month period and solely regard opt-in Plaintiff Colajay. (Ex. B at ¶¶ 15, 75). Neither Porter, Simmons, nor any other opt-in plaintiff has alleged any claims against Baldwin Harbor. (Ex. B).

**E. Defendants would need extensive additional discovery of Colajay.**

In addition to being prejudiced by the delay in resolving this action, if the Court were to preclude additional discovery and allow the proposed amendment adding Colajay as a named plaintiff, Defendants will be at a significant disadvantage facing the prospect of litigating Colajay's claims over an extended six (6) year time period for which they have not conducted any discovery. *See Briceno*, 2016 WL 324964 at *5 (denying motion to amend complaint seeking to add opt-in plaintiffs as named plaintiffs where discovery closed and defendants were not on notice that they

had to conduct discovery on the NYLL claims of the opt-in plaintiffs and would need to reopen discovery to "mount an adequate defense").

For the aforementioned reasons, Plaintiffs' proposed amendments should be denied as they will greatly prejudice Defendants.  Indeed, the proposed amendments are severable and more properly brought in a separate action.  *See CSX Transp., Inc.*, 2013 WL 12329546 at *5 (stating that when the moving party can timely bring a separate action, courts routinely deny motions to amend).  Plaintiffs cannot seriously dispute that, in light of the allegations in the proposed Amended Complaint, discovery concerning the facts underlying Colajay's allegations against non-party, Baldwin Harbor, would contain little, if any, overlap with the instant wage and hour claims against the Moore Group.  *See Portelos*, 2015 WL 5475494 at *4 (when amendment required different legal analysis and was premised on different facts, judicial economy weighed in favor of not extending the litigation).

II.   Even assuming Plaintiffs can demonstrate good cause, Plaintiffs' motion should be denied nevertheless as they cannot meet their burden under Rule 15.

"If good cause supports modifying the court-ordered deadline to amend, the moving party must still comply with Fed. R. Civ. P. 15." *Eberle*, 985 F. Supp. 2d at 346.  Pursuant Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15.[5]  However, under Rule 15, the motion to amend the complaint should be denied when there is "undue delay, bad faith, futility, or prejudice to the non-moving party."  *Leon v. Russo*, 2010 WL 11632642 (E.D.N.Y. 2010).  As addressed *supra* in section I,

---

[5] Plaintiffs' proposed amendments asserting claims for retaliation and adding Baldwin Harbor as a defendant are more appropriately addressed under Rule 15(d) as supplemental pleadings as the "transaction, occurrence, or event. . . happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Substantively, the analysis under Rules 15(a) and 15(d) are the same. *See Cummings-Fowler v. Suffolk Cnty Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).

Plaintiffs acted with undue delay in waiting two (2) months before requesting a pre-motion conference and Defendants will be substantially prejudiced if the proposed amendments are allowed. Additionally, Plaintiffs' motion should be denied as the proposed amendments are futile.

A proposed amendment is futile when it cannot survive a Rule 12(b)(6) motion to dismiss the complaint. *See Cummings-Fowler*, 282 F.R.D. at 298. Therefore, plaintiff must allege a claim for relief with sufficient factual detail that renders it "plausible on its face." *Id.* The Court will not consider the merits of the proposed amendment unless the proposed amendment is "clearly frivolous or legally insufficient on its face." *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996). If the proposed amendment has "no colorable merit" or will not be productive, the Court will not abuse its discretion in denying the amendment. *See id.*

### A. Adding Colajay as a named plaintiff is futile.

Amending the Complaint to add Colajay as a named plaintiff is futile and will not be productive. It is well-established that "[a] motion to amend the complaint is futile if the claims sought to be added are barred by the relevant statute of limitations." *Id.* at 647. In the proposed Amended Class & Collective Action Complaint, Colajay alleges that he was employed by the Moore Group from February 2011 to November 2011, January 2012 to December 28, 2017, and from February 21, 2018 to March 19, 2018. (Ex. B at ¶ 69). Here, Colajay purportedly seeks to amend the Complaint to become a named plaintiff and assert wage and hour claims under the NYLL and FLSA. However, this proposed amendment is futile as a substantial portion of his claims are barred by the applicable statute of limitations.

The statute of limitations under the FLSA is two (2) years, unless the violation is willful, in which case the statute of limitations is three (3) years. 29 U.S.C. § 255(a). Here, with respect to Colajay, Plaintiffs have not sufficiently plead that Defendants' alleged violations of the FLSA

were willful. Colajay's allegations fail to establish that Defendants either knew or recklessly disregarded the fact that Colajay was allegedly entitled to overtime wages. (Ex. B at ¶¶ 69-81). *See Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009) (stating that to extend the statute of limitations to three years, the employee bears the burden of establishing willfulness by demonstrating that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FLSA). As Colajay has failed to plead any facts demonstrating willfulness, the two (2) year statute of limitations applies. Since Colajay's Opt-In Consent Form was filed with the Court on September 19, 2018, Colajay's claim for damages under the FLSA is limited to the preceding two years, September 19, 2016 to September 19, 2018. (Nasis Dec. ¶ 3, Ex. 1). *See* 29 U.S.C. § 256(b) (if the plaintiff is not named in the complaint, the action is commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced"). Colajay did not work the entire period and his claims are limited to September 19, 2016 to December 28, 2017 and February 21, 2018 to March 19, 2018. (Ex. B at ¶ 69). Any damages sought beyond that limited time frame are outside the statute of limitations and thus futile.

Similarly, a portion of Colajay's claims under the NYLL are also futile. The NYLL has a six (6) year statute of limitations. *See* N.Y. Lab. Law § 198. Per the proposed Amended Class & Collective Action Complaint, Colajay seeks to recover unpaid wages from February 2011 to March 19, 2018. (Ex. B at ¶ 69). However, under the six (6) year statute of limitations, Colajay's claims preceding December 20, 2011, six (6) years before the initial Complaint was filed, are time barred. Therefore, Colajay's claims with respect to alleged unpaid wages from February 2011 to November 2011 are futile.

**B. Plaintiffs' allegations against Baldwin Harbor are not plausible on their face.**

Pursuant to Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The analysis of whether to add a party is governed by the Rule 15 standard in determining whether to permit an amendment to the pleading. *See State Farm Mut. Auto. Ins. Co.*, 246 F.R.D. at 146.

In their motion, Plaintiffs seek to amend their Complaint to add Baldwin Harbor as a defendant. Plaintiffs attempt to implicate Baldwin Harbor by boot-strapping claims of opt-in plaintiff Colajay. Indeed, the only allegation asserted attempting to tie in Baldwin Harbor is that Colajay received checks from Baldwin Harbor for a one-month period of time when he was supposedly working for the Moore Group. Plaintiffs' allegations against Baldwin Harbor are futile as they cannot survive a motion to dismiss. *See Cummings-Fowler*, 282 F.R.D. at 298. Although the court must treat all of the allegations in the complaint as true, that does not extend to legal conclusions, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "legal conclusion[s] couched as [] factual allegation[s]." *Clarke v. U.S.*, 107 F. Supp. 3d 238, 243-44 (E.D.N.Y. 2015); *see also Zhang v. Wen Mei, Inc.*, 2017 WL 8813132, *5 (E.D.N.Y. 2017) (Locke, Mag. J.) (complaint is insufficient if it relies on "labels and conclusions," or "'naked assertion[s]' devoid of 'further factual enhancement'"). Indeed, to survive a motion to dismiss, a plaintiff must plead enough facts to state a claim that is plausible on its face. *See Cummings-Fowler*, 282 F.R.D. at 298. Here, rather than rely on factual allegations, Plaintiffs improperly rely on legal conclusions, attempting to assert a cause of action against Baldwin Harbor. In fact, the only purported factual allegation in the proposed Amended Class & Collective Action Complaint is that Colajay received paychecks from Baldwin Harbor instead of the Moore Group. (Ex. B at ¶ 75). Premised on that one allegation alone, Plaintiffs jump to the

legal conclusion that the Moore Group and Baldwin Harbor are successor entities or a single-integrated enterprise and formulaically state factually unsupported legal theories to merely infer that conclusion. However, such is insufficient. *See Clarke*, 107 F. Supp. 3d at 244 (recital of elements of cause of action will not do).

Additionally, Plaintiffs' proposed Amended Class & Collective Action Complaint is deficient as it does not sufficiently plead that Baldwin Harbor is a covered employer within the definition of § 203 of the FLSA. In order to be a covered employer under the FLSA, plaintiff bears the burden of demonstrating that either he (individual coverage) or the employer (enterprise coverage) engaged in interstate commerce. *See Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015). To establish individual coverage, the plaintiff must do more than simply list job responsibilities without indicating how they relate to interstate commerce, he must provide factual detail about how frequently he performed such tasks and how they affected interstate commerce. *See Kaplan v. Wings of Hope Residence, Inc.*, 2018 WL 6437069, *6 (E.D.N.Y. 2018). As to enterprise coverage, an employer is covered by the FLSA if its "'annual gross volume of sales made or business done is not less than $500,000' and it 'has employees engaged in commerce or . . . [the] handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.'" *Ethelberth*, 91 F. Supp. 3d at 355. Plaintiff must provide sufficient factual detail so the Court can determine whether the employees were, in fact, engaged in interstate commerce. *See Kaplan*, 2018 WL 6437069 at *6

Plaintiffs' proposed Amended Class & Collective Action Complaint is noticeably silent as to whether Colajay or Baldwin Harbor engaged in interstate commerce. (Ex. B). In fact, Plaintiffs only state, improperly, that the "Corporate Defendant had gross revenues in excess of

$500,000.00."[6]   (Ex. B at ¶ 29).   The Complaint is devoid of any facts to support the bare conclusory allegation that Baldwin Harbor engaged in interstate commerce.  To the contrary, far from explaining how Baldwin Harbor engaged in interstate commerce, the allegations in the proposed Amended Class & Collective Action Complaint indicate that Baldwin Harbor's actions were confined to New York and did not affect interstate commerce.  (Ex. B at ¶¶ 19-29).  Plaintiffs' bare conclusory allegations are insufficient to establish that Baldwin Harbor is an employer covered by the FLSA and therefore the proposed amendment is futile.

Moreover, it would be in the best interests of judicial economy for Colajay to simply assert his purported claims against Baldwin Harbor in a separate action.  As discussed *supra*, Colajay's allegations against Baldwin Harbor relate to his limited employment from February 21, 2018 to March 19, 2018.  (Ex. B at ¶¶ 69, 75).  None of the named Plaintiffs have identified nor asserted any claims against Baldwin Harbor.  The proposed amendment seeks only to assert a cause of action for unpaid wages on behalf of one (1) plaintiff, for a one (1) month time period.  Plaintiffs' proposed amendment is a not so subtle attempt to improperly shoe horn a separate class action against Baldwin Harbor into the instant lawsuit.  Indeed, amending the Complaint to add Colajay as a named plaintiff is the only way Plaintiffs can add Baldwin Harbor as a defendant and assert new class action allegations.  Allowing such an amendment at this late stage of the litigation would unnecessarily delay the resolution of this action by several months and be counter to the interests to judicial efficiency.

### C. Plaintiffs' retaliation cause of action is futile.

In order to state a claim for retaliation under the FLSA and NYLL, plaintiffs must demonstrate "(1) participation in protected activity known to the defendant; (2) an employment

---

[6] Plaintiffs define "Corporate Defendant" as Moore Group and Baldwin Harbor.  (Ex. B at ¶ 15).

action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011).   Here, Simmons' proposed amendment is futile because he cannot demonstrate that his alleged protected activity was causally connected with any alleged adverse employment action related to Simmons.   Rather, Plaintiffs' allegations for retaliation are premised solely on facts related to opt-in Colajay.

Plaintiffs assert that the causal connection is demonstrated directly by retaliatory animus and indirectly by temporal proximity.  (Br. at pg 10).[7]  A plaintiff can establish a causal connection by demonstrating that the "protected activity was closely followed in time by the adverse [employment] action." *Salazar*, 796 F. Supp. 2d at 384.  Plaintiffs rely on the time period between Colajay opting-in to the lawsuit, September 19, 2018, and the proposed amendment to add Baldwin Harbor as a defendant, November 9, 2018, in an attempt to establish a causal connection with the alleged threats by a purported agent of the Moore Group on November 27, 2018.

While this may establish a causal connection for Colajay, Plaintiffs fail to explain how it demonstrates a valid cause of action for Simmons.  Simmons was a named plaintiff at the start of this lawsuit in December 2017 and the allegations in his proposed Amended Class & Collective Action Complaint relate to actions committed eleven (11) months later. *See Nicastro v. New York City Dep't of Design & Constr.*, 125 F. App'x 357, 358 (2d. Cir. 2005) (finding period of ten months is too remote to establish causal connection); *see also Baez v. Visiting Nurse Serv. of New York Family Care Serv.*, 2011 WL 5838441 (S.D.N.Y. 2011) (dismissing retaliation cause of action because "the yearlong gap between the two events far exceeds the normal span of time from which causality may be inferred").  As such, Simmons is unable to demonstrate a causal connection

---

[7] All references to "Br." refer to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend the Complaint.

between his protected activity, filing his lawsuit, and the alleged adverse action.  His retaliation claim is thus futile.  Moreover, Plaintiffs have not plead, nor sufficiently explained, how they suffered any damages causally related to Defendants' alleged retaliation, which occurred after Plaintiffs' ceased working for Defendants.

Furthermore, Plaintiffs' claims for retaliation under the NYLL are futile as there is no evidence that any of the Plaintiffs or Colajay complied with the statutory requirement that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee."  N.Y. Lab. Law § 215(2)(b).  As Plaintiffs have not alleged that they provided the required notice to the New York Attorney General, their Motion for Leave to Amend the Complaint should be denied.  *See Romero v. Floris Constr., Inc.*, 2017 WL 5592681, *7 (E.D.N.Y. 2017) (declining to find liability against defendants when plaintiff did not allege that he provided the required notice of retaliation to the attorney general); *see also Polit v. Global Int'l Corp.*, 2017 WL 1373907, *7 (S.D.N.Y. 2017) (denying request for damages under NYLL § 215 for failure to submit proof of notice on Attorney General).

## <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully requested that the Court deny Plaintiffs' Motion for Leave to Amend the Complaint in its entirety, along with such other and further relief as is just, proper, and equitable.

Dated: Uniondale, New York
       March 20, 2019

<div style="margin-left:40%">

Respectfully submitted,

FORCHELLI DEEGAN TERRANA LLP

By: _____
     Elbert F. Nasis, Esq.
     Michael A. Berger, Esq.
*Attorneys for Defendants*
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
Tel: (516) 248-1700

</div>