UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated,

Case No.:17-cv-07405 (KAM)(VMS)

Plaintiffs,

- against –

**ANSWER TO AMENDED CLASS & COLLECTIVE ACTION COMPLAINT**

MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally,

Defendants
------------------------------------------------------------------------X

Defendants, MOOREGROUP CORPORATION, JOHN MOORE, GARY MOORE and MARTIN MOORE ("Defendants"), by and through their attorneys, FORCHELLI DEEGAN TERRANA, LLP, as and for their Answer to the Amended Class & Collective Action Complaint filed by Plaintiffs Joshua Porter, Sharkey Simmons, and Emanuel Colajay Rivera (the "Amended Complaint"), respond and allege as follows:

## NATURE OF THE ACTION

1.    Defendants deny the allegations in paragraph "1" of the Amended Complaint.

2.    Defendants neither admit nor deny the allegations of paragraph "2" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "2" of the Amended Complaint.

3.    Defendants neither admit nor deny the allegations of paragraph "3" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all

questions of law to the Court.  To the extent a response is required, Defendants deny that Plaintiffs have asserted various claims in this lawsuit.

4.     Defendants neither admit nor deny the allegations of paragraph "4" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "4" of the Amended Complaint.

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

## JURISDICTION AND VENUE

6.     Defendants neither admit nor deny the allegations of paragraph "6" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "6" of the Amended Complaint.

7.     Defendants neither admit nor deny the allegations of paragraph "7" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "7" of the Amended Complaint.

8.     Defendants neither admit nor deny the allegations of paragraph "8" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "8" of the Amended Complaint.

## THE PARTIES

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12.      Defendants admit that Plaintiffs provided services to the MooreGroup Corporation at various times and at various construction sites.  Defendants deny all remaining averments in paragraph "12" of the Amended Complaint.

13.      Defendants neither admit nor deny the allegations of paragraph "13" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "13" of the Amended Complaint.

14.      Defendants admit that Plaintiffs have executed consent forms.

15.      Defendants admit the allegations in paragraph "15" of the Amended Complaint.

16.      Defendants deny the allegations in paragraph "16" of the Amended Complaint.

17.      Defendants deny the allegations in paragraph "17" of the Amended Complaint.

18.      Defendants deny the allegations in paragraph "18" of the Amended Complaint.

19.      Defendants admit the allegations in paragraph "19" of the Amended Complaint.

20.      Defendants deny the allegations in paragraph "20" of the Amended Complaint.

21.      Defendants deny the allegations in paragraph "21" of the Amended Complaint.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23.    Defendants deny the allegations in paragraph "23" of the Amended Complaint.

24.    Defendants deny the allegations in paragraph "24" of the Amended Complaint.

25.    Defendants deny the allegations in paragraph "25" of the Amended Complaint.

26.    Defendants neither admit nor deny the allegations of paragraph "26" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "26" of the Amended Complaint.

27.    Defendants neither admit nor deny the allegations of paragraph "27" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "27" of the Amended Complaint.

28.    Defendants deny the allegations in paragraph "28" of the Amended Complaint.

29.    Defendants neither admit nor deny the allegations of paragraph "29" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "29" of the Amended Complaint.

30.    Defendants admit the allegations in paragraph "30" of the Amended Complaint as to MooreGroup and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Baldwin Harbor Contracting.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Defendants neither admit nor deny the allegations of paragraph "31" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "31" of the Amended Complaint.

32.     Defendants neither admit nor deny the allegations of paragraph "32" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "32" of the Amended Complaint.

33.     Defendants deny the allegations in paragraph "33" of the Amended Complaint.

## RULE 23 CLASS ALLEGATIONS

34.     Defendants neither admit nor deny the allegations of paragraph "34" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "34" of the Amended Complaint.

35.     Defendants neither admit nor deny the allegations of paragraph "35" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "35" of the Amended Complaint.

36.     Defendants neither admit nor deny the allegations of paragraph "36" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "36" of the Amended Complaint.

37.     Defendants deny the allegations in paragraph "37" of the Amended Complaint.

38.     Defendants neither admit nor deny the allegations of paragraph "38" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "38" and its subparts (a) through (g) of the Amended Complaint.

39.     Defendants neither admit nor deny the allegations of paragraph "39" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "39" of the Amended Complaint.

40.     Defendants deny the allegations in paragraph "40" of the Amended Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Defendants neither admit nor deny the allegations of paragraph "42" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "42" of the Amended Complaint.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint, except deny the allegation that Defendants are sophisticated parties that have substantial resources.

## STATEMENT OF FACTS

44.     Defendants admit the allegations in paragraph "44" of the Amended Complaint.

45.     Defendants deny the allegations in paragraph "45" of the Amended Complaint.

46.     Defendants deny the allegations in paragraph "46" of the Amended Complaint.

47.     Defendants deny the allegations in paragraph "47" of the Amended Complaint.

48.     Defendants deny the allegations in paragraph "48" of the Amended Complaint.

49.     Defendants deny the allegations in paragraph "49" of the Amended Complaint.

50.     Defendants deny the allegations in paragraph "50" of the Amended Complaint.

51.     Defendants deny the allegations in paragraph "51" of the Amended Complaint.

52.     Defendants deny the allegations in paragraph "52" of the Amended Complaint.

53.     Defendants deny the allegations in paragraph "53" of the Amended Complaint.

54.     Defendants deny the allegations in paragraph "54" of the Amended Complaint.

55.     Defendants deny the allegations in paragraph "55" of the Amended Complaint.

56.     Defendants deny the allegations in paragraph "56" of the Amended Complaint.

57.     Defendants deny the allegations in paragraph "57" of the Amended Complaint.

58.     Defendants deny the allegations in paragraph "58" of the Amended Complaint.

59.     Defendants deny the allegations in paragraph "59" of the Amended Complaint.

60.     Defendants deny the allegations in paragraph "60" of the Amended Complaint.

61.     Defendants deny the allegations in paragraph "61" of the Amended Complaint.

62.     Defendants deny the allegations in paragraph "62" of the Amended Complaint.

63.     Defendants deny the allegations in paragraph "63" of the Amended Complaint.

64.     Defendants deny the allegations in paragraph "64" of the Amended Complaint.

65.     Defendants deny the allegations in paragraph "65" of the Amended Complaint.

66.     Defendants deny the allegations in paragraph "66" of the Amended Complaint.

67.     Defendants deny the allegations in paragraph "67" of the Amended Complaint.

68.     Defendants deny the allegations in paragraph "68" of the Amended Complaint.

69.     Defendants deny the allegations in paragraph "69" of the Amended Complaint.

70.     Defendants deny the allegations in paragraph "70" of the Amended Complaint.

71.     Defendants deny the allegations in paragraph "71" of the Amended Complaint.

72.     Defendants deny the allegations in paragraph "72" of the Amended Complaint.

73.     Defendants deny the allegations in paragraph "73" of the Amended Complaint.

74.     Defendants deny the allegations in paragraph "74" of the Amended Complaint.

75.     Defendants deny the allegations in paragraph "75" of the Amended Complaint.

76.     Defendants deny the allegations in paragraph "76" of the Amended Complaint.

77.     Defendants deny the allegations in paragraph "77" of the Amended Complaint.

78.     Defendants deny the allegations in paragraph "78" of the Amended Complaint.

79.     Defendants deny the allegations in paragraph "79" of the Amended Complaint.

80.     Defendants deny the allegations in paragraph "80" of the Amended Complaint.

81.     Defendants deny the allegations in paragraph "81" of the Amended Complaint.

82.     Defendants deny the allegations in paragraph "82" of the Amended Complaint.

83.     Defendants admit the allegations in paragraph "83" of the Amended Complaint.

84.     Defendants admit the allegations in paragraph "84" of the Amended Complaint.

85.     Defendants admit the allegations in paragraph "85" of the Amended Complaint.

86.     Defendants admit the allegations in paragraph "86" of the Amended Complaint.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Amended Complaint.

91.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Amended Complaint.

94.     Defendants deny the allegation in paragraph "94" of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

95.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "94", as if said statements were repeated herein at length in response to paragraph "95" of the Amended Complaint.

96.     Defendants deny the allegations in paragraph "96" of the Amended Complaint.

97.     Defendants deny the allegations in paragraph "97" of the Amended Complaint.

98.     Defendants deny the allegations in paragraph "98" of the Amended Complaint.

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNLAWFUL RETALIATION**
**(Brought on Behalf of Plaintiffs Simmons and Rivera, Individually)**

99.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "98", as if said statements were repeated herein at length in response to paragraph "99" of the Amended Complaint.

100.    Defendants deny the allegations in paragraph "100" of the Amended Complaint.

101.    Defendants neither admit nor deny the allegations of paragraph "101" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "101" of the Amended Complaint.

102.    Defendants deny the allegations in paragraph "102" of the Amended Complaint.

103.    Defendants deny the allegations in paragraph "103" of the Amended Complaint.

104.    Defendants deny the allegations in paragraph "104" of the Amended Complaint.

105.    Defendants deny the allegations in paragraph "105" of the Amended Complaint.

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

106.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "105", as if said statements were repeated herein at length in response to paragraph "106" of the Amended Complaint.

107.    Defendants deny the allegations in paragraph "107" of the Amended Complaint.

108.    Defendants deny the allegations in paragraph "108" of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and the Class Members)**

109.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "108", as if said statements were repeated herein at length in response to paragraph "109" of the Amended Complaint.

110.    Defendants deny the allegations in paragraph "110" of the Amended Complaint.

111.    Defendants deny the allegations in paragraph "111" of the Amended Complaint.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiffs and the Class Members)**

112.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "111", as if said statements were repeated herein at length in response to paragraph "112" of the Amended Complaint.

113.    Defendants deny the allegations in paragraph "113" of the Amended Complaint.

114.    Defendants deny the allegations in paragraph "114" of the Amended Complaint.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNLAWFUL RETALIATION**
**(Brought on Behalf of Plaintiffs Simmons and Rivera, Individually)**

115.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "114", as if said statements were repeated herein at length in response to paragraph "115" of the Amended Complaint.

116.    Defendants deny the allegations in paragraph "116" of the Amended Complaint.

117.    Defendants neither admit nor deny the allegations of paragraph "117" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "117" of the Amended Complaint.

118.    Defendants deny the allegations in paragraph "118" of the Amended Complaint.

119.    Defendants neither admit nor deny the allegations of paragraph "119" of the Amended Complaint, as they are not allegations of fact, but rather legal conclusions.  Defendants refer all questions of law to the Court.  To the extent a response is required, Defendants deny the allegations in paragraph "119" of the Amended Complaint.

120.    Defendants deny the allegations in paragraph "120" of the Amended Complaint.

121.    Defendants deny the allegations in paragraph "121" of the Amended Complaint.

122.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Amended Complaint.

## PRAYER FOR RELIEF

123.    Defendants deny the allegations and claims contained in Plaintiffs' prayer for relief in the Amended Complaint, including subsections "a" through "o" thereof.

## DEMAND FOR JURY TRIAL

124.    Defendants hereby demand a trial by jury.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

125.    By way of further answer, Defendants assert the following affirmative defenses.  In asserting these defenses, Defendants are providing notice to Plaintiffs of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

## AS AND FOR A FIRST DEFENSE

126.    Plaintiffs' Amended Complaint, in whole or in part, fails to state a cause of action or claim upon which relief may be granted as a matter of fact and law.

## AS AND FOR A SECOND DEFENSE

127.    Plaintiffs' Amended Complaint is barred, in whole or in part, by applicable statutes of limitation and/or the doctrine of laches.

## AS AND FOR A THIRD DEFENSE

128.    The Amended Complaint is barred, in whole or in part, pursuant to *inter alia*, 29 U.S.C. § 260 and New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and all applicable regulations and as such, Defendants assert a lack of willfulness, recklessness, or intent to violate the FLSA, NYLL, and all applicable regulations.

## AS AND FOR A FOURTH DEFENSE

129.    Plaintiffs' claims are barred in whole or in part to the extent that the work they performed and/or perform falls within exemptions, exclusions, offsets or credits, including, without limitation, those provided for in Sections 7 and 13 of the FLSA and NYLL.

## AS AND FOR A FIFTH DEFENSE

130.    Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## AS AND FOR A SIXTH DEFENSE

131.    Plaintiffs are not adequate representatives of the putative class or collective.

## AS AND FOR A SEVENTH DEFENSE

132.    The Amended Complaint is barred, in whole or in part, and neither a class nor a collective action can be certified, because Plaintiffs cannot establish that they were or are similarly situated to potential members of the class action for the purposes of 29 U.S.C. § 216(b) or that they can satisfy the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure, including commonality, typicality, numerosity, adequately represent the interests of the class, or that judicial economy requires certification.

## AS AND FOR AN EIGHTH DEFENSE

133.    Plaintiffs' claims are barred and precluded, in whole or in part, by the doctrine of avoidable consequences and estoppel.

## AS AND FOR A NINTH DEFENSE

134.    Pendent or supplemental jurisdiction should not be exercised over any of Plaintiffs' state law claims.

## AS AND FOR A TENTH DEFENSE

135.    The Amended Complaint is barred, in whole or in part, pursuant to *inter alia*, 29 U.S.C. § 259 and New York law as Defendants acted in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, interpretations and/or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York State Department of Labor.

## AS AND FOR AN ELEVENTH DEFENSE

136.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A TWELFTH DEFENSE

137.    If Plaintiffs suffered any of the damages alleged in the Amended Complaint, such damages were suffered solely as a result of their own negligent, reckless, and/or improper actions, practices and/or conduct, and Plaintiffs' culpable conduct is a bar to any recovery against Defendants.

14

## AS AND FOR A THIRTEENTH DEFENSE

138.    Defendants are entitled to the benefit of all legal and equitable limitations and/or reductions imposed by statute or otherwise on any award of damages, costs, fees and/or disbursements to Plaintiffs.

## AS AND FOR A FOURTEENTH DEFENSE

139.    Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## AS AND FOR A FIFTEENTH DEFENSE

140.    Without admitting that Plaintiffs were subject to the overtime and wage and hour provisions of the FLSA, NYLL and all applicable regulations and without admitting that Plaintiffs were employed by Defendants, Plaintiffs were paid properly under all applicable wage and hour laws and regulations.

## AS AND FOR A SIXTEENTH DEFENSE

141.    The Amended Complaint is barred, in whole or in part, because of full and complete payment to Plaintiffs, accord and/or satisfaction. Plaintiffs have been paid fully and completely for all wages due and there are no amounts due and owing to Plaintiffs.

## AS AND FOR A SEVENTEENTH DEFENSE

142.    Defendant Martin Moore was not and is not an "employer" of the Plaintiffs within the meaning of the FLSA, NYLL, and all applicable regulations during the periods alleged in the Amended Complaint and as such, all wage and hour claims made against Defendant Martin Moore should be dismissed.

## AS AND FOR AN EIGHTEENTH DEFENSE

143.    Defendant Gary Moore was not and is not an "employer" of the Plaintiffs within the meaning of the FLSA, NYLL, and all applicable regulations during the periods alleged in the Amended Complaint and as such, all wage and hour claims made against Defendant Gary Moore should be dismissed.

## AS AND FOR A NINETEENTH DEFENSE

144.    To the extent Defendants failed to pay Plaintiffs for any of the activities alleged in the Amended Complaint -- which Defendants deny -- such activities do not constitute compensable work under the FLSA, NYLL, and any applicable regulations, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities/duties of (purported) employment and are not compensable.

## AS AND FOR A TWENTIETH DEFENSE

145.    To the extent the Amended Complaint seeks expert witness fees and costs, such expert witness fees and costs are not recoverable in actions pursuant to the FLSA and the NYLL.

## AS AND FOR A TWENTY FIRST DEFENSE

146.    Plaintiffs' claims are barred and precluded, in whole or in part, by Plaintiffs' unreasonable failure under the circumstances to exercise reasonable care and avoid, minimize and/or mitigate any damages they may have suffered.  Accordingly, Plaintiffs' right to recover against Defendants should be reduced and/or eliminated due to such failure.

## AS AND FOR A TWENTY SECOND DEFENSE

147.    Plaintiffs' claim to recover damages for Defendants' alleged failure to provide wage notices in accordance with NYLL § 195(1) fails as a matter of law because Defendants made

complete and timely payment of all wages purportedly due to Plaintiffs and/or Defendants reasonably believed in good faith that they were not required to provide such notice(s) to Plaintiffs.

## AS AND FOR A TWENTY THIRD DEFENSE

148.    Plaintiffs' claims to recover damages for Defendants' alleged failure to provide wage statements in accordance with NYLL § 195(3) fails as a matter of law because Defendants made complete and timely payment of all wages purportedly due to Plaintiffs, provided and/or made wage statements electronically available to Plaintiffs, and/or Defendants reasonably believed in good faith that they were not required to provide Plaintiffs with such statements.

## AS AND FOR A TWENTY FOURTH DEFENSE

149.    Defendants presently have insufficient knowledge or information upon which a belief can be formed as to whether Defendants may have additional, but yet unknown and unstated defenses. Defendants reserve the right to amend their Answer to assert such additional defenses in the event that discovery reveals that additional defenses are appropriate.

## AS AND FOR DEFENDANTS' CROSS-CLAIMS AGAINST CO-DEFENDANT BALDWIN HARBOR CONTRACTING INC.

### FIRST CROSS-CLAIM
#### (Indemnification)

150.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "149", as if said statements were repeated herein.

151.    Plaintiffs' Amended Complaint alleges, *inter alia*, in substance, that as a result of various violations of law of all of the above Defendants: (1) Plaintiffs are entitled to overtime wages; and (2) Defendants are subject to statutory damages and attorneys' fees.

17

152.    If the allegations of the Amended Complaint are true and Plaintiffs sustained the damages complained of, such damages were caused entirely by reason of violations by Defendant Baldwin Harbor Contracting Inc.

153.    That by reason of the foregoing, if these answering Defendants are judged liable by reason of fact, operation of law, or otherwise, then Defendants demand and are entitled to full indemnity from, and for judgment over and against, co-defendant Baldwin Harbor Contracting Inc. for all of any verdict of judgment which Plaintiffs may recover against these answering Defendants.

## SECOND CROSS-CLAIM
### (Contribution/Apportionment)

154.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "153", as if said statements were repeated herein.

155.    Plaintiffs' Amended Complaint alleges, *inter alia*, in substance, that as a result of various violations of law of all of the above Defendants: (1) Plaintiffs are entitled to overtime wages; and (2) Defendants are subject to statutory damages and attorneys' fees.

156.    If the allegations of the Amended Complaint are true and Plaintiffs sustained the damages complained of, then the greater responsibility for damages sustained by Plaintiffs will be that of co-defendant Baldwin Harbor Contracting Inc.

157.    That by reason of the foregoing, if these answering Defendants are judged liable by reason of fact, operation of law, or otherwise, then Defendants demand and are entitled to contribution from, and for judgment over and against, co-defendant Baldwin Harbor Contracting Inc. for such amounts as it may be required to pay over and above its proportionate share.

158.    Additionally, answering Defendants demand that the Court, on the trial hereof, apportion responsibility, if any, among the parties.

**WHEREFORE,** it is respectfully requested that the Amended Complaint be dismissed in its entirety and that Defendants be awarded: (a) the costs and disbursements of this action; (b) judgment on their cross-claims against Defendant Baldwin Harbor Contracting Inc.; and (c) such other and further relief as this Court deems just and proper.

Dated:    Uniondale, New York
          March 30, 2020

                              FORCHELLI DEEGAN TERRANA, LLP


                              By:  _____/s/_____
                                   Elbert F. Nasis, Esq.
                                   Michael A. Berger, Esq.
                              *Attorneys for Defendants MooreGroup Corp., John Moore, Gary Moore, and Martin Moore*
                              333 Earle Ovington Boulevard, Suite 1010
                              Uniondale, New York 11553
                              Tel.:    (516) 248-1700
                              Fax:    (516) 248-1729
                              E-Mail: enasis@forchellilaw.com

19