# EXHIBIT M

(Porter v. MooreGroup Corporation, No. 17-cv-7405 (KAM)(VMS))



**Concrete / Masonry / Drywall**

1 Jefferson Place, Baldwin, New York, 11510                     (516) 746-6300   Fax: (516) 746-4240   info@mooregroupcorp.com

## MOOREGROUP CORPORATION:
## ACUERDO DE ARBITRAJE VINCULANTE

Moore Group Corporation considera que si surge una disputa relacionada al trabajo de un empleado o exempleado es en el mejor interés de ambos, la persona y Moore Group Corporation, el resolver la disputa sin proceso judicial. La mayoría de las cuales son resueltas internamente. Moore Group Corporation establece disposiciones para su solución, cuando dichas disputas no sean resueltas internamente, mediante un arbitraje vinculante como se describe en este Acuerdo de Arbitraje Vinculante ("Acuerdo"). Tanto "Moore Group" como la "Compañía", son términos usados en este Acuerdo que significan Moore Group Corporation. Moore Group promueve que todos los empleados consulten con una asesoría legal independiente previa firma de este Acuerdo.

Este Acuerdo se regirá por la Ley Federal de Arbitraje ("FAA"), artículo 1 y ss. del título 9 del Código de los Estados Unidos (U.S.C.).

A condición de y en contraprestación de mi trabajo con Moore Group o cualquiera de sus subsidiarias directas o indirectas, estoy de acuerdo con Moore Group en lo siguiente:

1. **ALCANCE:** Todas las "Reclamaciones Cubiertas" (según se define a continuación) entre Moore Group (colectivamente "Partes Cubiertas" o "Partes", individualmente siendo cada una, una "Parte Cubierta" o "Parte") y mi persona, **se presentarán y resolverán por arbitraje definitivo y vinculante** de conformidad con este Acuerdo.

2. **RECLAMACIONES CUBIERTAS:** El término "Reclamaciones Cubiertas" incluye todas las reclamaciones protegidas legalmente relacionadas con el empleo, excluyendo las destalladas a continuación en los párrafos 3 y 4 de este Acuerdo, que ahora tengo, o que en el futuro pueda tener, contra Moore Group o sus funcionarios, directores, accionistas, empleados o agentes que surjan de o estén relacionados con mi empleo o separación del empleo en Moore Group, y todas las reclamaciones legalmente protegidos relacionados con el empleo que Moore Group tenga o pueda tener en el futuro en mi contra, incluyendo, pero no limitado a, reclamaciones por discriminación laboral o acoso, si están amparados por leyes federales, estatales o locales vigentes, y represalias por presentar reclamaciones por discriminación o acoso, falta de pago de salarios, bonificaciones u otras compensaciones, actos ilícitos, injusticias, represalias y/o dimisión forzada, incumplimiento de un contrato expreso o implícito, impedimento promisorio, enriquecimiento injusto y violaciones de cualquier otra ley del derecho consuetudinario, del estatuto federal, estatal o local, ordenanza, reglamentación o política pública, que incluyen, a mero título enunciativo, el Título VII de la Ley de Derechos Civiles (Civil Rights Act) de 1964, las Leyes de Derechos Civiles de 1866 y 1991, la Ley de Discriminación por Edad en el Empleo (Age Discrimination in Employment Act) de 1967, la Ley de Protección de Beneficios de los Trabajadores Mayores (Older Workers Benefit Protection Act) de 1990, la Ley de Rehabilitación (Rehabilitation Act) de 1973, Ley de Estadounidenses con Discapacidades (Americans with Disabilities Act) de 1990, Ley de Licencia por Razones Médicas y Familiares (Family and Medical Leave Act) de 1993, Ley de Normas de Trabajo Justo (Fair Labor Standards Act) de 1938, Ley de Trabajo de Nueva York (New York Labor Law), Ley de Igualdad Salarial (Equal Pay Act) de 1963, Sección 1981 de la Ley de Derechos Civiles, y la Ley de Notificación de Ajuste y Reentrenamiento Laboral (Worker Adjustment and Retraining Notification Act).

D1177



3. **RECLAMACIONES EXCLUIDAS:** Este Acuerdo no cubre, y las siguientes reclamaciones no están sujetas a arbitraje en virtud de este Acuerdo: (a) cualquier denuncia o procedimiento penal; (b) cualquier reclamación cubierta por el seguro estatal de desempleo, el seguro estatal o federal de incapacidad y/o las leyes estatales de compensación de prestaciones para trabajadores, excepto que las reclamaciones por represalias conforme a estas leyes deban estar sujetas a arbitraje conforme a este Acuerdo; (c) cualquier reclamación en virtud de la Ley Nacional de Relaciones Laborales (National Labor Relations Act) ; y, (d) reclamaciones de beneficios bajo un plan que se rige por la Ley de Seguridad de los Ingresos Jubilatorios (Employee Retirement Income Security Act) de 1974 ("ERISA").
Además, este Acuerdo tampoco cubre ninguna acción que busque únicamente medidas cautelares declaratorias y/o de emergencia, temporales o preliminares (incluyendo una orden de restricción temporal) en un tribunal de jurisdicción competente de acuerdo con la ley vigente, siempre que la acción se lleve a cabo de forma individual y no de forma consolidada o como parte de una demanda grupal o colectiva.

4. **RENUNCIA A LA DEMANDA GRUPAL/COLECTIVA:** Todas las Reclamaciones Cubiertas en virtud de este Acuerdo **deben presentarse de forma individual**. Ninguna reclamación puede ser arbitrada en una base grupal o colectiva a menos que sea requerido por la ley vigente. Las Partes Cubiertas renuncian expresamente a todo derecho con respecto a toda Reclamación Cubierta a presentar, iniciar, o participar en calidad de representante o como querellante, demandante o miembro en una acción grupal, acción colectiva u otro representante o acción conjunta, independientemente de si la acción es presentada en el arbitraje o en el tribunal (**"Class Action Waiver"**). Asimismo, si un tribunal ordena que un grupo, colectivo u otro representante o acción conjunta deba proceder, en ningún caso tal acción procederá en el foro de arbitraje, sujeto a la ley vigente. Las reclamaciones no se pueden unir o consolidar en el arbitraje con disputas presentadas por otra/s persona/s, a menos que todas las partes lo acuerden por escrito o lo exija la ley vigente. En la medida en que exista una cuestión de carácter obligatorio del grupo o arbitraje colectivo, será decidido únicamente por un tribunal, no un por un árbitro.
En todo caso en el que (1) una reclamación se presente como una acción grupal, colectiva o representativa, y (2) haya una determinación judicial final de que toda o parte de esta Renuncia a la Demanda Colectiva es inejecutable, el grupo, el colectivo o el representante de la acción debe, en este sentido, ser objeto de litigio en un tribunal civil de jurisdicción competente, pero la parte de la Renuncia a la Demanda Colectiva que es ejecutable deberá hacerse cumplir en el arbitraje.
La autoridad del árbitro para resolver conflictos y emitir laudos conforme a este Acuerdo se limita a las disputas entre (i) una persona y Moore Group, y (ii) la persona y cualquier funcionario, director, empleado y agente actual o anterior, si dicha persona fuere demandada por su conducta dentro de su ámbito laboral. Ningún laudo o decisión arbitral tendrá un efecto excluyente en cuanto a asuntos o reclamaciones en cualquier conflicto con cualquier persona que no sea parte mencionada en el arbitraje. Me reservo el derecho de impugnar la validez de este Acuerdo por motivos que puedan existir conforme a derecho o equidad y no estaré sujeto a ninguna forma de represalia por hacer valer dichos derechos.

5. **ORGANISMOS ADMINISTRATIVOS:** Entiendo que este Acuerdo no me impide presentar una reclamación o cargo administrativo ante la Comisión para la Igualdad de Oportunidades en el Empleo ("EEOC") y/u organismos estatales y locales de derechos humanos para investigar presuntas violaciones de las leyes impuestas por el EEOC o esos organismos. Sin embargo, entiendo que no estoy obligado a iniciar un procedimiento administrativo antes de presentar una Reclamación Cubierta en virtud de este Acuerdo. En el caso de que presente un procedimiento administrativo de este tipo, entiendo que no puedo presentar Reclamaciones Cubiertas conforme a este Acuerdo sin agotar primero todos los recursos administrativos requeridos, como obtener una notificación de derecho a demandar de la EEOC con el fin de poder arbitrar reclamaciones federales de discriminación que requieran tal notificación. Respondiendo a organismos administrativos, Moore Group no renuncia a su derecho a hacer cumplir este Acuerdo y el árbitro deberá tratar a la decisión de un organismo administrativo de la misma manera en que lo haría un tribunal de justicia.

D1178



6. **INICIACIÓN DEL ARBITRAJE:** El arbitraje conforme a este Acuerdo deberá ser llevado a cabo ante un árbitro único y neutral de la Asociación Americana de Arbitraje ("AAA") (a menos que las Partes acuerden otro árbitro mutuamente aceptable, en cuyo caso el arbitraje se llevará a cabo ante dicho árbitro mutuamente aceptable) de acuerdo con y seleccionado de acuerdo con las reglas y procedimientos de las Reglas de Arbitraje Laboral (Employment Arbitration Rules) de la AAA ("Reglas de la AAA") en la medida en que las Reglas de la AAA no entren en conflicto con los términos de este Acuerdo o de la ley aplicable. Las Reglas de la AAA regirán los asuntos que no se aborden explícitamente en este Acuerdo. De existir un conflicto entre este Acuerdo y las Reglas de la AAA, será aplicable este Acuerdo. Donde exista un conflicto entre la ley aplicable y las reglas de la AAA y/o este Acuerdo, regirá la ley aplicable. Entiendo que el arbitraje conforme a este Acuerdo se llevará a cabo en el condado donde estoy empleado actualmente o fui empleado recientemente, en este caso el Condado de Nassau de Nueva York, a menos que las Partes acuerden lo contrario. Información sobre la AAA se encuentra disponible en su sitio web www.adr.org. Una Parte Cubierta puede comunicarse con ellos directamente al teléfono 1-800-778-7879.
Para iniciar el arbitraje:

- Una Parte Cubierta debe enviar una solicitud de arbitraje por escrito a cualquier oficina de la AAA (o si las Partes han acordado otro árbitro mutuamente aceptable, a las oficinas de dicho árbitro). La Parte Cubierta que presenta la solicitud de arbitraje también debe enviar simultáneamente una copia de la solicitud de arbitraje a la otra Parte (si se envía a Moore Group, la copia debe enviarse a la siguiente dirección:
[1 Jefferson Place, Baldwin NY, 11510]

- Los siguientes requerimientos deben ser incluidos en la solicitud de arbitraje:

(a) Una declaración de la naturaleza del conflicto, incluido el presunto acto u omisión en cuestión, los nombres de las partes involucradas en la disputa, la suma en controversia, si la hubiere, el resarcimiento solicitado para resolver el problema (incluido el importe en dólares, si corresponde), la dirección postal para correspondencia futura y el asesor legal, si lo hubiera, y,
(b) Cualquier tasa administrativa requerida. Si una Reclamación Cubierta es presentada por mí, la tarifa de presentación es de 300 USD pagaderos con cheque, giro postal o cualquier otro medio de pago permitido por la AAA (u otro árbitro mutuamente aceptable acordado por las partes). En el caso de que la tarifa administrativa exigida por el tribunal estatal o federal en el que se haya presentado la Reclamación Cubierta sea inferior a 300 USD, Moore Group acepta reembolsarme la diferencia entre los 300 USD y dicha tarifa administrativa del tribunal estatal o federal dentro de los 30 días posteriores a la recepción del aviso de pago. Toda demanda recibida por la AAA (u otro árbitro mutuamente aceptable acordado por las Partes) que no esté acompañada por la tarifa administrativa solicitada será devuelta.
Nada dentro de este Acuerdo exime a una Parte Cubierta de cualquier obligación de cumplir con los requisitos de presentación a tiempo y los estatutos de limitaciones ante las leyes vigentes, estatutos o reglamentos. Por lo tanto, ya sea que una Parte Cubierta elija o no hacer una presentación ante los organismos administrativos, su arbitraje aún debe ser iniciado como un arbitraje dentro del plazo administrativo, estatutario o judicial aplicable, según lo exige la ley, y la solicitud de arbitraje debe ser recibida en la dirección indicada más arriba dentro del período de tiempo permitido, conforme al estatuto, reglamento u otra ley aplicable, para el presunto acto u omisión que da lugar al conflicto. Nada en este Acuerdo tiene la intención o debe interpretarse como para acortar o ampliar el estatuto/s en cuanto limitaciones y/o períodos de presentación que existen bajo la ley vigente.
La presentación y los plazos de toda respuesta a una solicitud de arbitraje deberá ser realizada de acuerdo con las Reglas de la AAA.

D1179



7. **PROCEDIMIENTOS DE ARBITRAJE:** El árbitro llevará a cabo la audiencia lo más rápidamente posible, a la vez que garantiza que todas las Partes tengan la oportunidad de presentar pruebas y argumentos, y se asegurará de que se cumpla el Acuerdo. El árbitro fijará la fecha, la hora y el lugar de la audiencia, y la AAA (u otro proveedor de arbitraje acordado mutuamente por las partes) notificará a las Partes con al menos 30 días corridos de anticipación, salvo que las Partes acuerden lo contrario. En el caso de que la audiencia no pueda completarse de forma razonable en un día, el árbitro programará que la audiencia continúe en la/las fecha/s que sea/sean conveniente/s para ambas Partes. El árbitro hará todo lo posible para seleccionar una ubicación razonablemente idónea para la continuación del arbitraje, sin incurrir en gastos adicionales, de ser posible.

a)      Honorarios: todos los gastos administrativos ordinarios y razonables del arbitraje, incluidos los honorarios para un árbitro único, los gastos de sala de audiencias, los gastos de viaje del árbitro, los representantes de la AAA (si corresponde), y los testigos presentados a petición específica del árbitro y no convocados, de otra manera, por una de las partes, serán abonados en su totalidad por Moore Group. Los honorarios y gastos de cualquier testigo, experto, consultor, intérprete y otros contratados o consultados por una parte, serán pagados por la parte que requiera la presencia de dichas personas, sujeto a la ley vigente. Moore Group no pagará por los honorarios o costos incurridos como resultado de un retraso o ausencia deliberada e inapropiada causada por empleados o sus abogados, según lo determine el árbitro y lo permita la ley vigente. Salvo que por ley se estipule lo contrario, todos los honorarios de los abogados serán pagados por la parte que los contraiga. Nada en este Acuerdo tiene la intención o debe interpretarse de forma tal que requiera que los empleados asuman cualquier tipo de gasto que de otro modo no asumirían si las Partes litigaran una Reclamación Cubierta en un tribunal de justicia.

(b)     Representación legal e Intérprete: las Partes (si así lo desean) pueden usar los servicios de un asesor legal y/o de un intérprete. Las Partes que utilizan dichos servicios son responsables de hacer y pagar todos los honorarios y otros acuerdos directamente con el asesor legal y/o el intérprete, sujeto a la ley vigente. Nada en este Acuerdo tiene la intención o debe interpretarse de forma tal que requiera que los empleados asuman cualquier tipo de gasto que de otro modo no asumirían si las Partes litigaran una Reclamación Cubierta en un tribunal de justicia.

(c)     Asistencia y Confidencialidad de la Audiencia de Arbitraje: la Parte Cubierta, un representante corporativo de Moore Group de su elección y el árbitro deben estar presentes en la audiencia. Adicionalmente, un registrador oficial y un asesor legal (para cualquier Parte) también pueden asistir a la audiencia. Además, las Partes pueden convocar a testigos para declarar en el arbitraje. A menos que las partes acuerden lo contrario, el árbitro excluirá a los testigos (que no sean las Partes representadas) de la audiencia durante el testimonio de cualquier otro testigo. El árbitro, las Partes y sus representantes deben mantener la confidencialidad de las audiencias, a menos que la ley disponga lo contrario.

(d)     Exhibición de pruebas: las solicitudes y la provisión de la exhibición de pruebas deben ser consistentes con este Acuerdo, con las normas generales del debido proceso, con las Reglas de la AAA y la naturaleza expeditiva del arbitraje. Las pautas a continuación son solo pautas, no establecen un mínimo o máximo de pruebas exhibidas y se aplicarán de acuerdo con estos principios. Por lo tanto, puede haber casos que justifiquen más o menos pruebas exhibidas que lo descrito a continuación.

Al menos 20 días antes de la audiencia de arbitraje, las Partes deben presentar los nombres y las direcciones de los testigos y los documentos, que cada Parte tiene la intención de presentar. Las Partes pueden hacer adiciones a dicha información hasta 10 días antes de la audiencia. Todas estas presentaciones son definitivas después de ese punto, a menos que el árbitro determine una buena causa.

En general, las Partes pueden tomar las declaraciones de todos los testigos expertos y hasta otras 3 personas. Toda persona que certifique que no tiene conocimiento directo de los hechos no debe declarar como testigo de hecho. La parte que solicita la deposición debe dar un aviso previo de al menos 10 días, y se debe hacer un esfuerzo previo para acordar mutuamente las fechas para la deposición, incluida la hora y el lugar donde se tomarán las declaraciones. La parte que solicita la deposición es responsable de todos los costos relacionados con la misma. La exhibición de pruebas debe completarse al menos 20 días antes de la audiencia. El árbitro

D1180



puede alterar el tiempo y el alcance de la exhibición de pruebas según sea necesario o a solicitud de las Partes. El árbitro resolverá las disputas por la exhibición de pruebas y puede ampliar o restringir el alcance de la misma con su razonable criterio, y con las Reglas de la AAA consistentes con la naturaleza expeditiva del arbitraje.

(e) Mociones previas a la audiencia: el árbitro está autorizado a considerar y decidir sobre mociones previas a la audiencia, incluidas las mociones exhibición de pruebas, mociones para desestimar y juicio sumario sobre las reclamaciones, siempre que la otra Parte tenga aviso y tiempo razonables para responder a dichas mociones previas. Cualquier disputa que no establezca una reclamación sobre la cual se puede otorgar una reparación conforme a la ley vigente (incluidas, entre otras, reclamaciones que estén prescriptas por las normas de prescripción vigentes o el plazo establecido para presentar dicha reclamación, o que estén prescriptas por una exención ejecutoria, o implique una reclamación contra alguien que no estuvo asociado con la conducta en cuestión) está sujeta a desestimación sin una audiencia probatoria. Cualquier decisión con respecto a dicha moción se hará de acuerdo con las secciones Forma de Decisión y Alcance de la Compensación de este Acuerdo.

f) Tiempo para la Decisión: El árbitro tomará la decisión dentro de los 30 días posteriores a la clausura de la audiencia o tan pronto como sea posible, a menos que las Partes acuerden lo contrario o lo especifique la ley.

(g) Forma de Decisión: La decisión será por escrito y firmada por el árbitro. A menos que las Partes acuerden lo contrario, la decisión incluirá un resumen de las reclamaciones arbitradas y resueltas, una opinión fundada que exponga los hallazgos de hecho o las conclusiones de la ley, y los daños y perjuicios y otras medidas de compensación otorgadas (si los hubiera). Todas las decisiones serán ejecutadas en la forma requerida por la ley. La decisión será definitiva y vinculante entre las Partes, y la apelación de la decisión ante un tribunal se limitará a lo dispuesto por la FAA.

(h) Alcance de la Compensación: El árbitro puede otorgar cualquier resarcimiento o compensación que hubiera estado disponible para las Partes si el asunto hubiera sido dirimido en la corte, incluida la indemnización monetaria por daños y perjuicios y la imposición de exigencias a las Partes (incluida la medida cautelar), según lo permitido por la ley vigente. El árbitro puede adjudicar solo la compensación que se pueda otorgar para una Reclamación Cubierta presentada en el tribunal de forma individual según la ley vigente. El árbitro puede adjudicar daños punitivos o ejemplares o honorarios de abogados según lo estipulado o limitado por la ley vigente. Nada en este Acuerdo tiene la intención o debe interpretarse de manera tal que limite los recursos que de otra manera estarían disponibles para las Partes en un tribunal de justicia.

(i) Ejecución de la Decisión del Arbitraje/Procedimiento Judicial: La decisión del árbitro puede ser ejecutada bajo los términos de la FAA en la mayor medida posible. Cualquiera de las Partes puede tener una decisión de arbitraje ejecutada en un tribunal de justicia de acuerdo con la FAA vigente. Si esto ocurre, ni el árbitro ni la AAA participarán en los procedimientos judiciales.

Si un tribunal determina que la decisión no es completamente ejecutable, se ejecutará y será vinculante para ambas partes en la medida máxima permitida por la ley.

**8. DIVISIBILIDAD:** Si alguna parte de este Acuerdo se considera nula o inejecutable, el resto del Acuerdo será ejecutable y cualquier parte podrá dividirse del resto según corresponda, en la medida en que lo permita la ley. Por ejemplo, si un tribunal determina que una disposición particular de este Acuerdo está en conflicto con una disposición obligatoria de la ley vigente en esa jurisdicción, dicha/s disposición/es no se aplicarán en esa jurisdicción, pero la exclusividad del Acuerdo y su uso del arbitraje como el foro único y exclusivo para todas las Reclamaciones Cubiertas dentro de su alcance, no se verá afectado. Cualquier disputa en cuanto a la posibilidad de llevar a cabo el arbitraje de un asunto o reclamación en particular de conformidad con este Acuerdo, se resolverá en un arbitraje. No obstante lo anterior, cualquier asunto relacionado con la validez del grupo, el colectivo, el representante o la renuncia a acción conjunta provista en el párrafo 4 de este Acuerdo debe ser resuelto por un tribunal con jurisdicción sobre las Partes, y un árbitro no tiene autoridad para considerar la cuestión de la validez de la renuncia. Si, por alguna razón, se determina que la renuncia grupal,

D1181

Case 1:17-cv-07405-KAM-VMS   Document 94-13   Filed 02/22/21   Page 7 of 7 PageID #: 1440



colectiva o del representante o de la acción conjunta es encontrada inejecutable, el grupo, colectivo, representante o acción conjunta solo puede ser dirimido en un tribunal y no puede ser arbitrado bajo este Acuerdo.

9. **ENMIENDA o FINALIZACIÓN DEL ACUERDO:** Moore Group se reserva el derecho a enmendar, modificar o suspender este Acuerdo en cualquier momento a su entera discreción en la medida en que lo permita la ley vigente. Dichas enmiendas se pueden realizar mediante una notificación dirigida a mí y entrarán en vigencia 30 días corridos después de que dichas enmiendas me sean proporcionadas, y se aplicarán solo a futuro. La enmienda, modificación o discontinuación del Acuerdo no afectarán los procedimientos de arbitraje pendientes. La continuación de mi empleo después de recibir tales enmiendas o modificaciones se considerará como la aceptación por mi parte de los términos enmendados.
Este Acuerdo no altera la naturaleza voluntaria ("a voluntad") de mi relación laboral con Moore Group, ni ofrece ningún derecho o recurso que no esté disponible de otro modo en virtud de la ley vigente. Por supuesto, este Acuerdo no requiere que Moore Group inicie un arbitraje antes de tomar medidas correctivas de cualquier tipo, incluyendo la finalización del empleo.

**RECONOZCO QUE HE LEÍDO Y HE ACEPTADO ESTAR OBLIGADO POR ESTE ACUERDO DE ARBITRAJE, Y QUE SE ME HA INFORMADO QUE ME HAN RECOMENDADO POR ESCRITO CONSULTAR CON UN ABOGADO ANTES DE FIRMAR ESTE ACUERDO.**

**Nombre impreso del Empleado:** _____

**Firma del Empleado:** _____

**Fecha:** _____

D1182