UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSHUA PORTER, SHARKEY SIMMONS, and :
EMANUEL DE JESUS COLAJAY RIVERA,          :
individually and on behalf of all others similarly :
situated,                                              :                         **ORDER**
                                                       :                17 Civ. 7405 (KAM) (VMS)
                          Plaintiffs,                  :
                                                       :
           -against-                                   :
                                                       :
MOOREGROUP CORPORATION, JOHN           :
MOORE, GARY MOORE, MARTIN MOORE,       :
and BALDWIN HARBOR CONTRACTING,        :
INC.,                                                  :
                                                       :
                          Defendants.                 :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion to compel Defendants to help compile a list

identifying individuals who meet the certified class definition and to produce discovery.  See

ECF No. 108; see also ECF Nos. 101, 105, 109.  For the following reasons, Plaintiffs' motion is

granted in part and denied in part with leave to renew as noted.

The parties' familiarity with prior proceedings is assumed.  As relevant here, the Court

has certified a class defined as "all [1] fire guards, [2] welders, [3] carpenters, [4] laborers and

[5] other construction employees who performed manual construction labor who worked for the

Mooregroup Defendants at any time since December 20, 2011."  ECF No. 99 at 9 (emphasis in

original).   The Court held a conference in connection with Plaintiffs' objection to the sufficiency

of Defendants' production of a list identifying individuals who meet this definition and directed

the parties to supplement the record, which the parties subsequently did.  See ECF Nos. 105,

108-109.

Rule 23(d) of the Federal Rules of Civil Procedure concerns the conduct of class actions,

1

not the discovery rules, and "empowers the District Court to direct [the defendants] to help

compile" a list identifying class members to whom notice must be sent.  Oppenheimer Fund, Inc.

v. Sanders, 437 U.S. 340, 342 (1978); id. at 350 ("Although [the Rule 23(b)(3) plaintiffs']

request resembles discovery in that it seeks to obtain information, we are convinced that it more

properly is handled under Rule 23(d).").  In appropriate circumstances, which may include when

the defendant may be able to perform identification "with less difficulty or expense than could

the representative plaintiff," Rule 23(d) authorizes a district court to require the defendant to

make a reasonable effort to do so.  Id. at 356-57; see Fed. R. Civ. P. 23(c)(2).  Although no

single formula can be derived which will "resolve whether the effort [to identify absent class

members] is reasonable," In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1097 (5th

Cir. 1977), "a rough analogy might usefully be drawn to practice under . . . the discovery rules,"

Oppenheimer Fund, 437 U.S. at 357.

The Court has reviewed the parties' submissions and evaluated whether the requested

information is needed and whether Defendants have or have not undertaken sufficient reasonable

efforts.  Although Plaintiffs allege that several class members' names are missing from

Defendants' production, they have not offered evidence sufficient to support this statement in all

cases.  Nonetheless, Defendants must provide some additional information as noted below.

Plaintiffs' motion is granted with respect to the individuals described as yard workers.

Defendants argue that twenty-two individuals were "yard workers" who "stacked and organized

materials in the yard, loaded and unloaded trucks, moved equipment around the yard, and in

some cases transported equipment and materials to the job site."  ECF No. 105 § I.C.

Defendants argue that these individuals are not responsive to the class definition because they

"did not perform rebar work, welding, or pour and shovel concrete or otherwise perform manual

construction labor." Id.  Defendants' response does not exclude the reasonable possibility that these employees performed work as laborers or construction employees who performed manual construction labor.  In particular, the Court finds that the nature of their work provided by Defendants may meet the class definition.  Defendants must provide their information on the list to permit notice to them.

Plaintiffs' motion is moot with respect to the individuals described as engineers and surveyors.  Defendants say that four surveyors and engineers are not responsive to the class definition.  See ECF No. 105 § I.B.  Plaintiffs say that they consent to these four individuals' exclusion from the class list.  See ECF No. 105 § II.A.  Going forward, the parties will not include matters that they have resolved in their submissions.

Plaintiffs' motion is denied with respect to the individuals described as office staff.  Defendants state that twelve individuals who worked as secretarial and administrative office staff are not responsive to the class definition.  See ECF No. 105 § I.A.  Plaintiffs argue that the Court should find this suspect and order production of these individuals' records because, in December 2019, Defendants' Rule 30(b)(6) witness testified that Defendants had employed only five to six administrative employees for the preceding seven-year period.  See ECF No. 105 § II.A.  The Court does not find it suspect that in December 2019 the witness estimated five to six administrative employees while Defendants identified 12 administrative and secretarial office staff employees in January 2022.  Plaintiffs have not offered any reasonable basis upon which to investigate whether office workers qualified as laborers or similar employees.

Plaintiffs' motion is denied with respect to the individuals described as interns.  Defendants say that twenty four of the individuals worked as interns and that they are not responsive to the class definition.  See ECF No. 105 § I.A.  Plaintiffs argue that the Court should

find this suspect and order production of these individuals' records because, in December 2019, Defendants' Rule 30(b)(6) witness testified (1) that between 2014 and December 2019, Defendants had summer and other interns, and (2) that at the time of the deposition Defendants had one. See ECF No. 105 § II.A. The Court does not find it suspect. Even assuming, arguendo, that Defendants are claiming that these twenty-four individuals had worked as interns as of December 2019 (it seems more likely that they mean as of January 2022, the moment of Defendants' response), this would roughly break down to five interns per year for the 2014-2019 period, or one to two per semester, which is consistent with the fact that Defendants had one intern during the winter semester of 2019. Again, Plaintiffs do not offer any reason to believe the interns performed manual construction labor or similar work.

Plaintiffs' motion is denied with leave to renew with respect to the approximately thirty additional individuals who are not included in the above-described categories. Defendants requested additional time to review information and records to determine whether thirty individuals met the class definition, which Plaintiffs opposed. See ECF No. 105. Defendants have since indicated that they will supplement their class list such that Plaintiffs' motion is denied as to these individuals with leave to renew in the event the dispute is not resolved by Defendants' supplemental production. See ECF Nos. 105, 109. On or before 5/13/2022, Defendants must make this production if they have not already done so. In the event that Defendants' supplemental production does not resolve disputes as to this category of individuals, the parties must meet and confer to discuss their respective positions and narrow issues.

The Court grants in part and denies in part that aspect of Plaintiffs' motion which seeks to compel Defendants to produce discovery pertaining to individuals on the existing class list. See ECF No. 108. Defendants acknowledge that they will produce this discovery but request that

their obligation to do so be stayed until after the opt-out period.  See ECF No. 109.  Defendants

do not explain how the information requested is not relevant to the class definition and

membership process underway.  Defendants' request is denied, and Plaintiffs' motion granted

with respect to this discovery.  On or before 5/13/2022, Defendants must produce responsive

records and information.  Plaintiffs' motion for discovery pertaining to other individuals not on

the existing class list is denied with leave to renew if appropriate.

 In light of this Order pertaining to the parties' class list and discovery work, the Court

grants in part and defers ruling in part on Plaintiffs' motion for extension of time to complete

discovery and other pre-trial deadlines.  See ECF No. 107.  Given the scope of the work to be

conducted by all parties as to the class list and class discovery, the operative schedule is

extended through the parties' next appearance when the Court will reset the schedule.

 A Telephone Conference is set for 5/25/2022 at 4:00 PM.  The parties are to call 877-

336-1829 and type in the access code 3581283 for the AT&T conference bridge.  On or before

5/17/2022, the parties will file a joint status report identifying any disputes pertaining to their

class list and discovery work.   The parties are reminded that they are required to meet and

confer to resolve and narrow disputes involving these issues, and their joint filing will certify

their compliance.  In the event the parties report ongoing class list disputes in their filing, they

will set forth with legal citation how they propose they should be resolved, for example, through

Plaintiffs' examination, audit or inspection of Defendants' records subject to the terms of a

confidentiality agreement.  See, e.g., Dibb v. Allianceone Receivables Mgmt., Inc., No. 14 Civ.

5835 (RJB), 2016 WL 1258378, at *4 (W.D. Wash. Mar. 31, 2016) (discussing the distinction

between requiring a defendant's help in compiling a class list and compelling the defendant to

definitively determine who should be included in the class); Zajonc v. Morgan Stanley & Co.,

LLC, No. 14 Civ. 5563 (EMC), 2015 WL 3533243, at *1 (N.D. Calif. June 4, 2015) ("[W]hile

the [c]ourt is cognizant of putative class members' privacy interests, those interests can be

accommodated through a protective order, particularly as the information being requested is not

a serious invasion of privacy."); Tardiff v. Knox Cty., 226 F.R.D. 10, 11 (D. Me. 2005) ("The

general rule is that [the p]laintiff must bear the burden and initial cost of identifying class

members entitled to receive individual notification under Rule 23(c).") (citation omitted); Oscar

Gruss & Son v. Geon Indust., Inc., 89 F.R.D. 32, 38 (S.D.N.Y. 1980) (discussing the principle

that named plaintiffs bear the responsibility for identification costs and tasks).

Dated:  Brooklyn, New York
        April 25, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge