# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiffs,** | |
| **-against-** | 17 Civ. 07405 (KAM)(VMS) |
| **MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally,** | |
| **Defendants.** | |

## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

# BACKGROUND

This Settlement Agreement and Wage and Hour Release (hereinafter "Agreement") is made and entered into by and between plaintiffs **Joshua Porter, Sharkey Simmons, and Emanuel Colajay Rivera** (collectively the "Named Plaintiffs") individually and on behalf of the the Settlement Class (collectively with the Named Plaintiffs, the "Plaintiffs") and Mooregroup Corporation, John Moore, Gary Moore, and Martin Moore ("Defendants" and, collectively with Plaintiffs, the "Parties").

**WHEREAS**, on December 29, 2017, the Named Plaintiffs filed, in the United States District Court for the Eastern District of New York, a complaint in an action entitled Joshua Porter, et al. v. Mooregroup Corp., et al., Civil Action No. 17 Civ. 07405 (KAM)(VMS) (the "Original Complaint"). Plaintiffs' Original Complaint asserted violations of the Fair Labor Standards Act and New York Labor Law against Defendants;

**WHEREAS**, on February 23, 2018, Defendants responded to the Complaint denying all material allegations of wrongdoing, and asserting numerous defenses to the claims asserted therein;

**WHEREAS**, on January 13, 2020, the Named Plaintiffs filed an amended complaint adding Emanuel Colajay Rivera as a Named Plaintiff, Baldwin Harbor Contracting, Inc. ("Baldwin Harbor") as a Defendant, and included individual claims on behalf of Plaintiffs Simmons and Colajay the ("Amended Complaint" or the "Litigation");

**WHEREAS**, on March 30, 2020, Defendants responded to the Amended Complaint denying all material allegations of wrongdoing and asserting numerous defenses to the claims asserted therein;

**WHEREAS,** Defendant Baldwin Harbor Contracting, Inc. has not entered an appearance, filed an Answer to the Amended Complaint, or otherwise participated in this Litigation and is currently in default of the claims brought against it. Notwithstanding the aforementioned, Plaintiffs' counsel will execute and file a Notice of Dismissal under Rule 41(a)(1)(A)(i), to dismiss the claims brought against Baldwin Harbor without prejudice, following Final Approval of the Settlement;

**WHEREAS**, the Parties have engaged in various discovery protocols to date and agree that there remain disputes between them in this Litigation and recognize that it is desirable that the Litigation be settled upon the terms and conditions set forth below to avoid further expense and uncertain, burdensome, and protracted litigation;

**WHEREAS**, the Parties negotiated the resolution of this matter at arms-length during extensive informal and formal settlement discussions regarding their respective settlement positions;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Administration Costs.**  "Administration Costs" shall mean the claims administration fees charged by the Settlement Administrator and data entry costs necessary for preparation of the plan of allocation, based upon reasonable time, costs and expenses actually incurred.

1.2    **Agreement.**  "Agreement" means this Settlement Agreement and Wage and Hour Release.

1.3    **Acceptance Period.**  "Acceptance Period" means the one hundred twenty (120) day period after mailing of the Settlement Check within which an Authorized Claimant must cash or negotiate a Settlement Check.

1.4    **Affiliated Companies.**  The "Affiliated Companies" or "Defendants' Affiliated Companies" shall refer to Baldwin Harbor Contracting Inc., Moore Group Inc., Boro Concrete Corp., Big Johns Services Corp., Concrete Services & Maintenance Corp., Allied Enterprises LLC, Allied Enterprises USA Corp., All County Solutions, and Interstate Services & Maintenance.

1.5    **Authorized Claimant.**  "Authorized Claimant" means a Settlement Class Member (including the Named Plaintiffs) who does not opt out of the proposed settlement, who timely submits a valid and duly executed Claim Form to the Settlement Administrator in accordance with the term of this Agreement, and who meets other prerequisites identified in this Agreement. The Claim Form must be mailed by a Settlement Class Member by the final day of the Claim Period for that Settlement Class Member to be eligible to receive a Settlement Check.

1.6    **Claim Form.**  "Claim Form" shall mean the form, created by Class Counsel and approved by Defendants, that Settlement Class Members, excepting the Named Plaintiffs, must complete and return in the manner and time period set forth herein to be eligible for a distribution from the Net Settlement Fund. The Claim Form need not be completed and submitted by Named Plaintiffs, who will automatically receive a distribution of the Settlement Fund by operation of their execution of this Agreement. The parties will collaboratively work to prepare a satisfactory joint Claim Form that requests certain information from the Settlement Class Members, specifically dates of employment, for the Class Period as defined below.

1.7    **Claim Period**. "Claim Period" means the period within which time Settlement Class Members must mail Claim Forms to the Settlement Administrator in order to participate in the Settlement as Authorized Claimants. The Claim Period shall close six (6) months after mailing of the First Payment Distribution. In order to receive a payment from this Settlement, Settlement Class Members must return to their Claim Forms to the Settlement Administrator, post-marked or actually received by no later than six (6) months after mailing of the First Payment Distribution.

1.8 **Class Counsel.** "Class Counsel" shall mean Brent E. Pelton, Esq. and Taylor B. Graham, Esq., Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006, (212) 385-9700.

1.9 **Class List.** A list of all Settlement Class Members containing Settlement Class Members' names, telephone numbers, and last known addresses and including dates of employment and email addresses (if available), shall be furnished by Class Counsel, based upon lists and records provided by Defendants and Settlement Class Members, to the Settlement Administrator, and shall only be used by the Settlement Administrator and Class Counsel to effectuate the settlement.

1.10 **Class Notice.** "Class Notice" or "Notice" means the Notice of Class Action Settlement, as approved by the Court, that shall be mailed by the Settlement Administrator to all Settlement Class Members in the manner and time period set forth hereinafter. Should Defendants pay the GFV (defined at Section 1.24) in such a manner as to attain the Early Payment Discount (defined at Section 1.18), the Parties shall confer and issue updated Class Notice to reflect any necessary changes to the Claim Period, the Fairness Hearing date, or other matters.

1.11 **Class Period.** "Class Period" means the period between December 20, 2011 through March 27, 2025.

1.12 **Class Representatives**. "Class Representatives" shall mean the Named Plaintiffs.

1.13 **Court.** "Court" means the United States District Court for the Eastern District of New York, the Honorable Kiyo A. Matsumoto and the Honorable Vera M. Scanlon, presiding.

1.14 **Days.** "Days" means calendar days, excluding federal holidays.

1.15 **Deadline Reminder Letter.** "Deadline Reminder Letter" shall mean the notice form to be approved by the Court and sent by the Settlement Administrator to Settlement Class Members from whom the Settlement Administrator has not received a Claim Form within seven (7) days after the mailing of the First Payment Distribution.

1.16 **Defendants.** Unless otherwise indicated, "Defendants" shall refer to Mooregroup Corporation, John Moore, Martin Moore, and Gary Moore, and not to Baldwin Harbor Contracting, Inc., which has not appeared in this Action.

1.17 **Defendants' Counsel.** "Defendants' Counsel" shall refer to Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, NY 11510 (516) 746-5530.

1.18 **Early Payment Discount.** "Early Payment Discount" shall refer to a discount of the Gross Fund Value (defined at Section 1.24 below) from Two Million Dollars ($2,000,000.00) to One Million, Eight Hundred and Fifty Thousand Dollars ($1,850,000.00). The Early Payment Discount shall be applied to the GFV if and only if Defendants make payment of the full amount of $1,850,000.00 by June 30, 2025. Should the Early Payment Discount be applied to the GFV, the Net Settlement Fund and individual Settlement Class Member Allocations, and Class Counsel's attorney's fee request will decrease accordingly. Service

4

Awards, Individual Recovery, Administration Costs and litigation costs sought by Class Counsel will not be affected by the Early Payment Discount.

1.19    **Effective Date.** "Effective Date" of the settlement shall mean the date that this Settlement Agreement is executed by all Parties.

1.20    **Employer Payroll Taxes.** "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation in this Litigation, including federal, state and local taxes, FICA, FUTA, and SUTA obligations.

1.21    **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court relating to the Motion for Final Approval.

1.22    **Final Approval Order.** "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving: the terms and conditions of this Agreement, distribution of the Settlement Checks, Service Awards, Individual Recovery, Class Counsel's fees, litigation costs, outstanding Administration Costs and dismissal of the Litigation with prejudice as to Defendants. The Parties shall request that the Final Approval Order not issue until the payment of the Gross Fund Value (defined below at Section 1.24) has been made in full.

1.23    **First Payment Distribution.** "First Payment Distribution" shall refer to the first round of Settlement Checks. Class Counsel will request that the amount of the First Payment Distribution shall be the full amount of attorneys' fees and costs, Service Awards, Individual Recovery, and 50% of the Net Settlement Fund and shall be made within fifteen (15) days of the Court's issuance of the Final Approval Order. If the Final Approval Order is issued before the GFV is paid in full, the First Payment Distribution shall be mailed within fifteen (15) days after full funding of the GFV.

1.24    **Gross Fund Value.** The "Gross Fund Value" or "GFV" means the gross amount of Two Million Dollars ($2,000,000.00) which is the full and agreed upon settlement amount that the Defendants will pay so long as Defendants comply with the terms and conditions herein;

1.25    **Individual Settlement Amount.** "Individual Settlement Amount" shall mean the amount payable to each Settlement Class Member pursuant to the plan of allocation, as described below in Section 3.4, including all deductions for all applicable contributions and withholdings.

1.26    **Installment Payment.** "Installment Payment" shall refer to the monthly payments made by Defendants to fund the GFV in its entirety, for a total of Two Million Dollars ($2,000,000.00), to be paid in full no later than March 31, 2026, in accordance with the schedule set forth at Section 3.1. The Installment Payments shall be made on the last day of the month beginning with April 30, 2025 which is the only payment that shall be in the amount of $66,666.66, all subsequent Installment Payments shall be made in the amount of $166,666.66 no later than the final day of the month for each month thereafter. Payment of the full GFV shall be made no later than March 31, 2026. Defendants may, at their

choosing, fully fund the GFV by paying greater and/or more frequent Installment Payments, without penalty costs or interest.

1.27    **Litigation.** "Litigation" means the above-captioned case, <u>Joshua Porter, *et al*., Individually and on Behalf of All Others Similarly Situated v. Mooregroup Corporation, Baldwin Harbor Contracting Inc., John Moore, Gary Moore and Martin Moore, Jointly and Severally, Civil Action No. 17 Civ.07405 (KAM)(VMS)</u>

1.28    **Memorandum of Understanding.** "Memorandum of Understanding" or "MOU" shall refer to the Memorandum of Understanding executed by Class Counsel and Defendants on March 27, 2025, setting forth certain terms of the Settlement agreed upon by the Parties.

1.29    **Named Plaintiffs**.  "Named Plaintiffs" means Joshua Porter, Sharkey Simmons, and Emanuel Colajay Rivera.

1.30    **Net Settlement Fund.**  "Net Settlement Fund" means the remainder of the Gross Fund Value after deductions for Court-approved attorneys' fees, costs for Class Counsel, Service Awards to the Named Plaintiffs, Individual Recovery, Administration Costs, and Employer Payroll Taxes. The Net Settlement Fund shall fund payments of the Individual Settlement Amounts payable to Authorized Claimants.

1.31    **Objector.** "Objector" means an individual who timely files an objection to this Agreement by the Opt-Out/Objection Date.

1.32    **Opt-Out/Objection Date.** The date by which any Settlement Class Member who wishes to object to the Settlement must file an objection to this Agreement, or who has decided to opt-out and not be included in this Agreement or participate in the Settlement must file an Opt-out Statement, which date shall be no later than sixty (60) days after the initial mailing of the Class Notice or, in the event that Class Notice is re-mailed to a given Settlement Class Member, within sixty (60) days of such re-mailing.

1.33    **Opt-out Statement**. "Opt-out Statement" is defined as a written signed statement that an individual Settlement Class Member has timely decided to opt-out and exclude himself or herself from this Agreement.

1.34    **Parties**. "Parties" shall refer to the Named Plaintiffs, Settlement Class Members, and Defendants, collectively.

1.35    **Participating Class Members**. "Participating Class Members" are all Settlement Class Members who do not submit a valid, timely Opt-out Statement. Per Sections 3.4(A)(1) and 4.1, all Participating Class Members will release the Released State Claims.

1.36    **Payment Distributions.** "Payment Distributions" shall refer to the payment of the Preliminary Payment Distribution, First Payment Distribution, Second Payment Distribution, and, if appropriate, Third Payment Distribution. These Payment Distributions shall provide payment for Individual Settlement Amounts, Administration Costs, Class Counsel's attorneys' fees and litigation costs, Service Awards, and Individual Recovery, and shall be funded by Defendants' payment of the Installment Payments to be made as set forth at Section 3.1. The Preliminary Payment Distribution shall pay for certain

Administration Costs as set forth at Sections 2.8(D), 2.8(E), and 3.2(A). The Individual Settlement Amounts, Class Counsel's attorneys' fees and litigation costs, Service Awards and Individual Recovery shall be paid in the First and Second Payment Distributions as provided at Sections 3.1(C), (D). In the event that there remain Unclaimed Funds, as defined at Section 1.50 below, a Third Payment Distribution shall be made to the extent such is economically feasible as set forth at Section 3.1(E).

1.37 **Preliminary Approval Order.** "Preliminary Approval Order" means the Order entered by the Court: (i) preliminarily approving the terms and conditions of this Agreement; and (ii) directing the manner and timing of providing Notice to the Settlement Class Members.

1.38 **Preliminary Payment Distribution.** "Preliminary Payment Distribution" shall refer to payments to be made within fifteen (15) days of issuance of the Preliminary Approval Order as set forth at Sections 2.8(D), (E) and 3.2(A) below for Administration Costs, specifically, all Administration Costs incurred or expected to be incurred through issuance of the Final Approval Order and shall be made. The Preliminary Payment Distribution shall be funded by amounts paid into the QSF at the time of issuance of the Preliminary Approval Order.

1.39 **Released Claims of the Named Plaintiffs.** "Released Claims of the Named Plaintiffs" shall mean the following: the Named Plaintiffs shall be deemed to fully, finally, and forever completely settle, compromise, release, and discharge Releasees from any and all claims, actions, causes of action, lawsuits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, claims, charges, complaints and demands, whether in law or equity, known or unknown, asserted or unasserted, arising out of Named Plaintiffs' alleged employment with Releasees or any action similar thereto against Defendant or other Releasees accruing from the beginning of the Class Period.

1.40 **Released Federal Law Claims.** "Released Federal Law Claims" means any and all claims, damages, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any Releasees, arising under Federal law, relating to the payment of wages, overtime wages, and expenses including but not limited to the Fair Labor Standards Act of 1938 ("FLSA"), whether known or unknown, and whether anticipated or unanticipated, by a Participating Class Member, that arose or accrued from December 30, 2011 to (1) the Effective Date of this Agreement, relating to his or her employment with the Defendants and the Affiliated Companies. This includes requests for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, unpaid overtime, tips, gratuities, adjustments to compensation, unreimbursed expenses, wage statement and/or wage notice violations under the Wage Theft Prevention Act, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees and costs, declaratory relief or injunctive relief; whether sounding in contract, tort, or otherwise; and which were or which could have been asserted in this Litigation against any Releasees.

1.41 **Released Individual Claims.** "Released Individual Claims" shall collectively mean the claims asserted individually by Plaintiffs Sharkey Simmons and Emanuel Colajay Rivera in the Amended Complaint.

1.42    **Released State Law Claims.**  "Released State Law Claims" shall collectively mean any and all claims, damages, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any Releasees, arising under New York state law relating to the payment of wages, whether known or unknown, and whether anticipated or unanticipated, by all Settlement Class Members who do not opt-out, that arose or accrued from December 20, 2011 to the Effective Date of this Agreement, relating to their employment with the Defendants and the Affiliated Companies. This includes request for any type of relief, including without limitations claims for payment of wages, premium pay, unpaid overtime, unpaid spread-of-hours pay, unpaid minimum wage, failure to timely pay wages, payment of wages at termination, adjustments to compensation, alleged deductions from compensation, unreimbursed expenses, wage statement and/or wage notice violations, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees and costs, declaratory relief or injunctive relief; or whether sounding in contract, tort, or otherwise. The Released State Law Claims include but are not limited to any claims arising under New York Labor Law ("NYLL") §§ 160 *et seq.*, 190 *et seq.* (including, but not limited to § 191, § 193 and § 198), 215, 650, 12 N.Y.C.R.R. §§ 146-1.1. *et seq.* (including, but not limited to, § 146-2.1 *et seq.* and § 146-3.1 *et seq.*) and any applicable Wage Order, and any and all other claims under any similar statute, order, rule or regulation which were or which could have been asserted in this Litigation. The "Released Federal Law Claims," "Released State Law Claims" and "Released Individual Claims" shall be referred to hereinafter as the "Released Claims."

1.43    **Released Persons and Releasees.**  "Released Persons" or "Releasees" shall mean the Defendants and the Affiliated Companies; their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators. It is expressly understood that, to the extent Released Persons are not a party to the Agreement, all such Persons are intended third party beneficiaries of this Agreement.

1.44    **Second Payment Distribution.** "Second Payment Distribution" shall refer to the second round of Settlement Checks.  The amount of the Second Payment Distribution shall be 50% of the Net Settlement Fund plus any remaining funds from the First Payment Distribution and shall be made seven (7) months after mailing of the First Payment Distribution.

1.45    **Settlement Class Members.** "Settlement Class Members" or "Settlement Class" shall refer to all current and former fire guards, welders, carpenters, laborers, and other construction employees who performed manual construction labor who worked for Defendants or one or more of the Defendants' Affiliated Companies at any time from December 20, 2011 to March 27, 2025.

1.46    **Settlement Administrator.** "Settlement Administrator" shall mean the Settlement Claims Administrator selected by Class Counsel and approved by Defendants.  In its motion for Preliminary Approval, the Named Plaintiffs will seek to have the selected Settlement Administrator retained as the class action Settlement Administrator in order to establish and maintain the Settlement Fund, to issue Settlement Checks to Authorized Claimants and to deduct, withhold, remit and report taxes or other payments to appropriate governmental authorities or agencies, subject to a showing of appropriate bonding to secure the obligations of the Settlement Administrator pursuant to this Agreement.  The parties

mutually agree that the Settlement Administrator shall be CPT Group, subject to the Court's review and approval. The Parties further agree that the Settlement Administrator shall act as escrow for periodic payments made pursuant to this Agreement.

**1.47    Settlement Checks.** "Settlement Checks" means checks issued by the Settlement Administrator for the Authorized Claimants' pro-rated share of the Net Settlement Fund.

**1.48    Settlement Fund.** "Settlement Fund" shall mean the portion of the Funded Settlement Amount held by the Settlement Administrator at any time. The Settlement Fund shall be deposited into a bank account to be opened and maintained by the Settlement Administrator and shall be deemed a "Qualified Settlement Fund" ("QSF") as payments are made pursuant to the payment terms herein.

**1.49    Third Payment Distribution**. The "Third Payment Distribution" shall consist of any Unclaimed Funds, as defined in Section 1.50 below, to the extent that it is economically feasible to make such distribution. Should unclaimed funds remain in an amount that is not economically feasible for re-distribution, unclaimed funds shall be paid, as a cy pres award, on behalf of the Class, to NOVA Hope for Haiti.

**1.50    Unclaimed Funds.** "Unclaimed Funds" shall refer to the amount of all Settlement Checks that were returned or uncashed within the time periods set forth at Sections 3.1(K)-(L). If economically feasible, Unclaimed Funds shall be re-distributed via a Third Payment Distribution to those Authorized Claimants who submit a Claim Form within the Claim Period and cashed Settlement checks. Should Unclaimed Funds remain in an amount that is not economically feasible for re-distribution, Unclaimed Funds shall be paid, as a cy pres award, on behalf of the Class, to NOVA Hope for Haiti.

**2.    INITIAL PROCEDURAL ISSUES**

**2.1    Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms for the parties to seek a full and final settlement of the Litigation.

**2.2    Interim Stay of Proceedings.** Pending the Fairness Hearing to be conducted by the Court, or earlier if for any reason the settlement contemplated by this Agreement will not occur, the Parties agree to hold in abeyance all proceedings in the Litigation, except such proceedings as are necessary to implement and complete the settlement, or to comply with any order of the Court.

**2.3    Responsibilities of Class Counsel.** Class Counsel shall be responsible for:

(A)    Preparing the draft of the motion for Preliminary and Final Settlement Approval Motions, subject to the review, revision and approval by Defendants' Counsel;

(B)    Preparing the draft Notice of Dismissal under Rule 41(a)(1)(A)(i), to dismiss the claims brought against Baldwin Harbor without prejudice which will be filed with the Court on ECF;

(C)    in the event that a Settlement Class Member sends an Opt-out Statement or objection to the settlement to Class Counsel, which were not also sent to the

Docusign Envelope ID: 86CAFBE7-6FEA-4B70-9E43-01EF0BC6B198

Settlement Administrator, Class Counsel will promptly furnish such to Defendants' Counsel and the Settlement Administrator;

(D)    responding to inquiries of the Settlement Class Members regarding procedures for filing objections, Consent to Join Forms, and Opt-out Statements; and

(E)    responding to inquiries from the Settlement Administrator and Defendants' Counsel consistent with the duties specified herein.

**2.4    Responsibilities of Defendants' Counsel.** In addition to ensuring payment of the Gross Fund Value and Installment Payments, Defendants' Counsel shall be responsible for:

(A)    Providing any additional Class List information, including names, contact information, social security numbers or ITIN numbers in the possession of Defendants in addition to records produced by Defendants October 31, 2024 and March 27, 2025, to the Settlement Administrator and Class Counsel;

(B)    in the event that a Settlement Class Member sends any Opt-out Statement or objection to the settlement to Class Counsel, which were not also sent to the Settlement Administrator, Defendants' Counsel will promptly furnish such to Class Counsel and the Settlement Administrator;

(C)    responding to inquiries from Class Counsel and the Settlement Administrator consistent with the duties specified herein; and

**2.5    Retention of the Settlement Administrator.**    Class Counsel shall engage an Administrator with the mutual agreement of Defendants' Counsel. The Parties agree that they shall initially select and agree to CPT Group to be the Settlement Administrator in this matter, subject to review and approval by the Court. The Parties agree that they shall mutually select any subsequent Administrator(s) should the Court reject the Parties' initial choice.

**2.6    Responsibilities of the Settlement Administrator.**

(A)    The Class Counsel will engage CPT Group to act as the Settlement Administrator with consent of the Defendants Counsel.

(B)    Unless otherwise directed by the Parties and subject to the Court's approval, following the Court's granting and entry of the Preliminary Approval Order, the Settlement Administrator shall be responsible for: (i) preparing, printing and disseminating the Notice to Settlement Class Members pursuant to Section 2.8 of this Agreement; (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party; (iii) promptly furnishing to all counsel for the Parties, copies of any Opt-out Statements, objections, or other written or electronic communications from any Settlement Class Member, which the Administrator receives; (iv) keeping track of Opt-out Statements, including maintaining the original mailing envelope in which the Statement was mailed; (v) mailing of the Notice and attempting to ascertain current address and addressee information for

each Notice returned as undeliverable; (vi) referring to counsel for the Parties all inquiries by Settlement Class Members regarding matters not within the Settlement Administrator's duties specified herein; (vii) receiving and processing all Claim Forms sent by Settlement Class Members to participate in the settlement, including contacting Settlement Class Members as necessary to obtain information necessary to calculation individual allocations; (viii) responding to inquiries from counsel for the Parties consistent with the Settlement Administrator's duties specified herein; (ix) mailing the Deadline Reminder Letter to all Settlement Class Members who did not submit a valid Claim Form within seven (7) days of the mailing of the First Payment Distribution; (x) promptly apprising counsel for the Parties of the activities of the Settlement Administrator; and (xi) maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and mailing and receipt of objections, Opt-out Statements, Claim Forms, returned mail and other communications and attempted written or electronic communications to and/or from Settlement Class Members.

(C)     No later than five (5) days prior to the deadline for the parties' Final Approval Motion and, to the extent that any such materials are received after that time, once again no later than five (5) days prior to the Fairness Hearing, the Settlement Administrator shall certify and provide jointly to the Parties' counsel: (a) a list of all Authorized Claimants who have returned valid Claim Forms by that date; (b) a list of all Settlement Class Members who filed a timely objection, and (c) a list of all Settlement Class Members who timely and validly requested to opt-out of the Settlement at any time during the Opt-Out Period. Throughout the period of claims administration, the Settlement Administrator shall provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices to the Settlement Class, or any other aspect of the claims administration process.

(D)     Following the issuance of the Preliminary Approval Order, and per the terms and schedule set forth herein following the Final Approval Order, the Settlement Administrator shall also be responsible for the following additional tasks: (i) establishing a Qualified Settlement Fund ("QSF") to be used for the distribution of all Settlement Checks to Authorized Claimants, Class Counsel, the Settlement Administrator; (ii) paying all court-approved Settlement Costs, attorneys' fees, costs and disbursements; (iii) applying the Parties' agreed-upon plan of allocation; (iv) calculating and deducting (a) from the Settlement Fund the Employer Payroll Taxes, which constitutes the employer's share of any taxes owed with respect to each Authorized Claimant's Individual Settlement Amount, and (b) from each Authorized Claimant's Individual Settlement Amount all applicable employee taxes and withholdings as required by federal, state and local law and all applicable employer tax contributions; (v) preparing and filing all related government returns and reports and paying all contributions; (vi) preparing and distributing all Settlement Checks and tax forms to all Authorized Claimants for the two (2) or three (3) Payment Distribution installments; and (vii) receiving and holding in escrow Defendants' payment of the Settlement Fund. The Settlement Administrator shall also notify the Parties of any Settlement Checks that were returned or uncashed (the "Unclaimed Funds") within the time periods set forth in Section 3.1(K)-(L), and shall, if economically feasible, re-distribute all Unclaimed Funds

via a Third Payment Distribution to those Authorized Claimants who submit a Claim Form and cash Settlement checks. Should Unclaimed Funds remain in an amount that is not economically feasible for re-distribution, Unclaimed Funds shall be paid, as a cy pres award, on behalf of the Class, to NOVA Hope for Haiti. No portion of the Settlement Fund, including any Unclaimed Funds, will return to Defendants.

(E)     In conjunction with Class Counsel and a data entry service to be selected by Class Counsel, the Settlement Administrator shall create and implement a plan of allocation for payment of the Individual Settlement Amounts as set forth at Section 3.4.

(F)     The Settlement Administrator will inform Class Counsel if Defendants fail to timely deposit any of the payments associated with this Settlement Agreement.

(G)     The Settlement Administrator shall perform other tasks as the Parties mutually agree and shall be paid for all services from the Settlement Fund.

(H)     The Settlement Administrator shall provide Declarations setting forth information regarding service of Notice, receipt of Claim Forms and objections or Opt-Out Statements, its activities and costs attributable to this Settlement, and any other information requested by Class Counsel and/or Defendants' Counsel regarding administration of this Settlement.

**2.7    Access to the Administrator.** The Parties will have equal access to the Settlement Administrator throughout the claims administration period. Class Counsel and Defendants' Counsel agree to provide the Settlement Administrator with all accurate information in their possession necessary to reasonably assist the Settlement Administrator in locating the Class. The parties will agree upon a plan of allocation and submit it to the Settlement Administrator.

**2.8    Preliminary Approval Motion.**

(A)     Class Counsel will submit to Defendants a draft Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") and allow Defendants a reasonable opportunity, minimum of three (3) business days, to review the terms of the Preliminary Approval Motion to ensure that the Motion is consistent with this Agreement. If no proposed comments or revisions are exchanged by Defendants at least forty-eight (48) hours before the deadline to file the Preliminary Approval Motion, Plaintiffs will proceed with filing and Defendants agree to waive any objections to the content of the Preliminary Approval Motion.

(B)     With the Preliminary Approval Motion, Class Counsel will submit to the Court, among other things: (1) a Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing to be mailed; (2) a Claim Form that Settlement Class Members must fill out and return in order to participate in the Settlement; and (3) a proposed Order preliminarily approving the settlement.

(C)     The Preliminary Approval Motion also will seek the setting of date(s) for the Claim Period within which time individuals must submit Claim Forms to participate in the Settlement be six (6) months after the First Payment Distribution as detailed at Sections 3.6(A)-(C), to submit statements to opt-out of this Agreement or provide objections to this Agreement, which date will be sixty (60) days from the mailing of Notice to the Settlement Class Members or sixty (60) days from the re-mailing of Notice to any Settlement Class Members to whom Notice is re-mailed, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

(D)     In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice as to the Defendants; (4) award Class Counsel fees and costs; (5) award Administration Costs for administration of the Settlement by the Settlement Administrator and for data entry costs, subject to prior approval by Class Counsel and Defendants, based upon reasonable time, costs and expenses actually incurred and reasonably anticipated to be incurred; and (6) approve the plan of allocation, Service Awards, and Individual Recovery.

(E)     The Preliminary Approval Motion will also seek Court approval of the Preliminary Payment Distribution, to be paid within fifteen (15) days of issuance of the Preliminary Approval Order, to pay Administration Costs that have been incurred or expect to be incurred by the date of the Final Approval Order from amounts deposited into the QSF as of issuance of the Preliminary Approval Order.

(F)     Plaintiffs will provide Defendants with a draft Preliminary Approval Motion and the parties agree to resolve any issues or opposition to the Preliminary Approval Motion prior to filing so that the Preliminary Approval Motion is filed upon the consent of Defendants.

(G)     If the Court denies the Preliminary Approval Motion, the parties will first jointly agree to seek either reconsideration of the ruling or Court approval of a renegotiated settlement. The Parties will request the opportunity to seek reconsideration within thirty (30) days of an Order denying preliminary approval and further request that, upon filing of such reconsideration motion, the Litigation will be stayed until the Court rules on reconsideration. If the Preliminary Approval Motion is not granted after the Parties seek reconsideration and/or a renegotiated settlement, the Litigation will resume as if no settlement had been attempted.

(H)     The parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal.

(I)     No later than the date of the Motion for Preliminary Approval, the Parties shall consent to the jurisdiction of Magistrate Judge Vera M. Scanlon to determine and dispose of this Litigation.

**2.9    Class Action Fairness Act.**  No later than ten (10) days after the filing of an application for Preliminary Approval with the Court, the Settlement Administrator will, in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), serve notice of this proposed settlement upon the United States Attorney General and the attorneys general in every state in which a Settlement Class Member is a resident. The Settlement Administrator is to provide written confirmation to the Parties that the CAFA notice has been executed.

**2.10    Notice to Settlement Class Members**

(A)    Within five (5) business days of the issuance of the Preliminary Approval Order, to the extent that they maintain such information that has not yet been provided or updated as of that date, Defendants will provide Class Counsel an updated list of Settlement Class Members containing last known addresses for all individuals for which Defendants have records, and if available, the last known email addresses for facilitating the distribution of the Class Notice. Such requirement shall be explicitly stated in the proposed Preliminary Approval Order.

(B)    Within fifteen (15) days of issuance of the Preliminary Approval Order, the Settlement Administrator will mail to all Settlement Class Members, via First Class United States Mail, postage prepaid, the Court–approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and Court-approved Claim Form, both of which shall be provided in English and Spanish, with a modified summary Notice form to be provided in Portuguese.

(C)    The Settlement Administrator will take all reasonable steps to obtain the correct address of any Settlement Class Member for whom a Notice is returned by the post office as undeliverable. The Settlement Administrator will notify counsel for the Parties of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.  For any Settlement Class Member whose mailing is returned as undeliverable for which the Settlement Administrator is unable to locate an alternative address, Defendants shall inform Class Counsel and/or Settlement Administrator of any known alternate addresses or other contact information for attempted re-mailings, if any such alternate address or other contact information is known to Defendants.  All such Settlement Class Member personal information will be treated as confidential information by Class Counsel and the Settlement Administrator.

(D)    Seven (7) days after the mailing of the First Payment Distribution, the Settlement Administrator will mail the Deadline Reminder Letter along with an appropriate Claim Form to Class Members from whom Settlement Administrator has not yet received a completed Claim Form at that time.

(E)    Should Defendants pay the GFV in such a manner as to attain the Early Payment Discount, the Parties shall confer regarding any necessary updates to Class Notice to reflect any necessary changes to the Claim Period, the Fairness Hearing date, or other matters and provide such to the Court for approval. The Settlement Administrator shall disseminate any such updated Class Notice.

**2.11    Settlement Class Member Opt-outs.**

(A)    Settlement Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to Settlement Administrator stating that he or she is opting out of the settlement.  The statement should include his or her name, address and telephone number(s) and state, "I opt out of the Mooregroup unpaid wages settlement" ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked within sixty (60) days after the Settlement Administrator mailed the Class Notice. In the event that Class Notice is re-mailed to a given Settlement Class Member, the deadline for such Class Member to submit an Opt-out Statement shall be sixty (60) days after re-mailing of the Class Notice.

(B)    The deadline to opt-out of the settlement (the "Opt-Out/Objection Date") shall be sixty (60) days after the day on which the Settlement Administrator successfully mails a Notice to a Settlement Class Member.  Settlement Class Members whose first mailing was returned to Settlement Administrator as undeliverable, will be allowed a second sixty (60) day period to opt-out from the date of the second mailing.  Settlement Administrator will not be required to attempt more than two (2) mailings of the Notice to any Settlement Class Member.

(C)    The Settlement Administrator will, within five (5) days after the last day on which Settlement Administrator mails the last Notice to any Settlement Class Member, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-out Period.

(D)    The Settlement Administrator shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel not later than three (3) days after receipt thereof. Class Counsel will, within five (5) days of the end of the Opt-out Period, file on ECF copies of any Opt-out Statements.

(E)    Any Settlement Class Member who returns a Claim Form during the Claim Period and does not timely submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement and will be issued a Settlement Check, which will contain a release of all claims asserted in the Litigation, as set forth in this Agreement.

**2.12    Objections to Settlement.**

(A)    Settlement Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be mailed to Settlement Administrator via First-Class United States Mail, postage prepaid, or by such other means as to be actually received by Settlement Administrator, sixty (60) days after Settlement Administrator mails Notice to such Class Member or sixty (60) days after Notice is re-mailed to such Class Member.  The statement must include all reasons for the objection and any reasons not included in the statement will not be considered.  The statement must also include the name, address, and telephone number(s) for the Settlement Class Member making the objection.

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01E50BC6B198

(B)    The Settlement Administrator will send copies of each objection to Class Counsel and Defendants' Counsel by email no later than three (3) business days after receipt thereof.  Class Counsel will file any and all objections with the Court within five (5) business days after the end of the Objection Period.

(C)    An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person *pro se* or through counsel hired by the Objector.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No Settlement Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.  A Settlement Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.

(D)    The Parties shall file with the Court written responses to any filed objections no later than three (3) business days before the Fairness Hearing, unless otherwise directed or permitted by the Court.

**2.13    No Solicitation of Opt-outs or Objections.** The Parties agree to use their best efforts to carry out the terms of this settlement. Neither the Parties nor their counsel or agents will contact Settlement Class Members for the purpose of attempting to influence them not to participate in this settlement. However, if contacted by a Settlement Class Member, Class Counsel may provide accurate information or assistance regarding any aspect of the settlement requested by the Settlement Class Member. At no time shall any of the Parties or their counsel or their agents solicit or otherwise encourage Settlement Class Members to opt-out of or object to this settlement or encourage Settlement Class Members or any other person to appeal any part of the Final Approval Order.

**2.14    Fairness Hearing and Motion for Final Approval and Dismissal.**

(A)    No later than fourteen (14) days prior to the  Fairness Hearing, Class Counsel will submit to the Court a memorandum of law and any necessary affidavits, objections or opt-out information in support of a Motion for Final Approval and Dismissal ("Final Approval Motion").  While it is anticipated that such Final Approval Motion will be submitted with the consent of the Parties, Defendants will have seven (7) days to respond thereto and Class Counsel may file a reply no later than two (2) days before the Fairness Hearing.

(B)    At the Fairness Hearing and Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Settlement Class Members who have not timely opted out of the settlement; (2) approve the procedure for Defendants to pay the Settlement Amount into the Settlement Fund and for the Settlement Administrator to issue Settlement Checks to Authorized Claimants in the amounts set forth pursuant to the agreed-upon Settlement allocation; (3) order the Settlement Administrator to distribute the Settlement Checks to the Authorized Claimants; (4) order that Service Awards in an amount not to exceed a total of Thirty Thousand Dollars and Zero Cents ($30,000.00) to be

divided equally among each of the Named Plaintiffs and that Individual Recovery in an amount not to exceed a total of Twenty Thousand Dollars ($20,000.00), to be divided equally among Plaintiffs Simmons and Colajay Rivera; (5) order the attorneys' fees and litigation costs to be paid to Class Counsel from the Settlement Amount; (6) order that the remainder of Administration Costs be paid from the Settlement Fund and subject to prior approval by Class Counsel and Defendants, based upon reasonable time, costs and expenses actually incurred, as indicated by the Settlement Administrator and data entry service; (7) order the dismissal with prejudice of all claims asserted in the Litigation against Defendants and Released Claims as well as the claims of all Settlement Class Members who did not opt-out, upon full payment of the Settlement Amount, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (8) order entry of Judgment of Dismissal in accordance with this Agreement upon Defendants' payment of the full GFV; and (9) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and  the settlement contemplated thereby.

(C)     The Parties shall request that the Court not issue the Final Approval Order until the GFV is funded in full. Class Counsel will notify the Court when the GFV is fully funded.

(D)     If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the Parties will (1) seek reconsideration or appellate review of the decision denying Final Approval; or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. Should the Court decline to issue a Final Approval Order after the Parties have made reasonable efforts to address the Court, the Parties will resume the Litigation.

(E)     If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Litigation will proceed as if no settlement had been attempted.

(F)     If the Final Approval Order is not entered or is set aside, Class Counsel will provide notice to Settlement Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Settlement Class Members under the Agreement.  Such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by Settlement Administrator in mailing the Notices.

**2.15    Releases and Consents to Join.**

(A)     All Settlement Class Members who return a fully-executed Claim Form as set forth in Section 3.6(A) during the Claim Period, as well as the Named Plaintiffs, who do not timely return an Opt-out Statement will be issued a Settlement Check by the Settlement Administrator in accordance with the Final Approval Order.

(B)    The Settlement Administrator will distribute the Settlement Checks to the Authorized Claimants during the Payment Distributions as provided in Section 3.6, according to the plan of allocation set forth at Section 3.4.

(C)    The Settlement Administrator will re-issue a Settlement Check to an Authorized Claimant who, within six (6) months after mailing of the Settlement Checks, provides a sworn statement that he or she never received or lost the original Settlement Check, provided an effective stop-payment has been placed on the previously-issued Settlement Check to ensure that the amount payable to such Authorized Claimant was not negotiated and is actually received by such Authorized Claimant.

(D)    Settlement Checks will also contain a release under the FLSA. Any member of the Settlement Class who cashes or deposits their Settlement Check will release the Released Federal Law Claims, Released State Law Claims (as defined in Sections 1.40 and 1.43 respectively) upon Defendants' payment of the full Settlement Amount. The Settlement Check shall contain the following language: "By not filing a statement to Opt-Out, and endorsing, depositing, cashing, or negotiating this check, I consent to release Defendants from all wage and hour claims asserted in ***Porter, et al. v. Mooregroup Corp., et al., No. 17 Civ. 07405 (VMS)*** arising under the Fair Labor Standards Act and/or New York Labor Law that have been brought in the Litigation or that are based on the same facts and circumstances as the claims in the Litigation, including but not limited to all unpaid minimum wage, overtime, spread of hours, wage statement and wage notice claims for the relevant statutory period, upon Defendants' funding of this Settlement in whole".

(E)    Named Plaintiffs Colajay and Simmons acknowledge that in exchange for the individual gross amounts that they will be entitled to receive pursuant to this Agreement, and which will be made payable to Plaintiffs at the time that the First Payment Distribution is mailed by the Settlement Administrator (each in the amount of $10,000.00 for the total of $20,000.00) which represents solely damages for their respective and any individual claims which were or could have been part of the Complaint herein (the "Individual Recovery"), they hereby release and discharge Defendants and dismiss with prejudice any and all claims asserted by them individually in this Litigation (the "Released Individual Claims" as defined at Section 1.41). In the event the application for Individual Recovery is denied by the Court, this Agreement will go forward with any and all claims released and discharged and the award vacated. Defendants have agreed to allocation of the Individual Recovery expressly denying any fault or liability for the individual claims, and nothing in this Agreement shall be deemed or used as an admission of liability by any of the Defendants as to the individual claims.

(F)    All Releases set forth in this Section and this Agreement are conditional upon Defendants' substantial compliance with all terms of this Agreement, including but not limited to compliance with the payment schedule set forth at Section 3.1.

(G)    In addition to the Released State Law Claims, Released Federal Law Claims, and Released Individual Claims, the Named Plaintiffs acknowledge that, in exchange for the Service Awards, Individual Settlement Amounts, and Individual Recovery

set forth herein, the Named Plaintiffs shall, effective as of the date of the Final Approval Order fully release the Released Claims of the Named Plaintiffs, defined above at Section 1.39.

## 3.    SETTLEMENT TERMS

### 3.1   Settlement Amount.

(A)   Defendants agree to pay the Gross Fund Value of **Two Million Dollars ($2,000,000.00)** into the QSF, including all amounts that have been paid into Class Counsel's escrow account and shall be transferred to the QSF upon its creation, which shall fully resolve and satisfy all claims for damages asserted in this litigation and all Released Claims, including attorneys' fees and costs. The amount of the GFV is subject to the Early Payment Discount.

(B)   Defendants shall fund the Settlement by depositing into the QSF the Installment Payments of $166,666.66 as follows: first, by no later than April 30, 2025, Defendants shall deposit into either the QSF, if it has been created, or if not a separate "escrow" account that is agreed to by the Defendants and Class Counsel, the amount of $66,666.66. This amount, along with the $100,000.00 already deposited by Defendants, shall constitute the First Installment Payment. Thereafter, Defendants shall make monthly Installment Payments in the amount of $166,666.66, into either the QSF or Class Counsel's escrow account, by no later than the final day of the month, beginning with the second Installment Payment due no later than May 31, 2025. Thereafter, Defendants shall continue to make monthly Installment Payments in the amount of $166,666.66 for a total of twelve (12) Installment Payments. Payment of the full Gross Fund Value of Two Million Dollars ($2,000,000.00) shall be completed by no later than March 31, 2026. Defendants may, at their choosing, pay greater and/or more frequent Installment Payments, including for the purpose of attaining the Early Payment Discount.

(C)   The First Payment Distribution, consisting of all Class Counsel attorneys' fees and litigation costs, Service Awards, and 50% of the Net Settlement Fund shall be paid by the Settlement Administrator to Authorized Claimants who have returned a Claim Form by September 30, 2025, Class Counsel, and the Settlement Administrator within fifteen (15) days of issuance of the Final Approval Order or, if the Final Approval Order is issued earlier than full payment of GFV, within fifteen (15) days of full payment of the GFV.

(D)   The Second Payment Distribution, consisting of 50% of the Net Settlement Fund, shall be paid by the Settlement Administrator to Authorized Claimants within seven (7) months of the mailing of the First Payment Distribution.

(E)   A Third Payment Distribution will be made for any Unclaimed Funds, provided that it is economically feasible for the Settlement Administrator to make such distribution.

(F)   Neither Defendants nor Class Counsel shall make any statements or in any way discourage Settlement Class Members from participating in the settlement,

including but not limited to discouraging or intimidating Settlement Class Members from cashing Settlement Checks.

(G)    In the event that Defendants fail to make any of the settlement payments when due as set forth above, the Settlement Administrator shall notify Defendants' Counsel and Class Counsel. Class Counsel shall send a notice of default to Defendants' Counsel as set forth in Section 5.2. Defendants shall have a thirty (30) day right to cure any default in payment. In the event that default is not cured, Plaintiffs shall have the right to file Confessions of Judgment within thirty (30) days after notice of default is provided by the Settlement Administrator as set forth at Section 5.2 regardless of whether the Court has entered the Preliminary Approval Order, Final Approval Order, and/or a Final Judgment of Dismissal.

(H)    In the event that Defendants failed to make payment in full of the GFV by March 31, 2026, and do not cure this failure by April 15, 2026, as interest on the GFV, the GFV will increase by Fifteen Thousand Dollars ($15,000.00) as of April 16, 2026, and shall increase accordingly each thirty (30) days thereafter, until payment is made in full. It is agreed that this $15,000.00 shall be in lieu of any other interest which may be allowed in law or otherwise.

(I)    In the event that Defendants pay into the QSF the amount of One Million, Eight Hundred and Fifty Thousand Dollars ($1,850,000.00) by no later than June 30, 2025, the Early Payment Discount shall be taken to reduce the GFV, Individual Settlement Amounts, and Class Counsel's fees. Should Defendants pay the GFV in such a manner as to attain the Early Payment Discount, the Parties shall confer regarding any necessary updates to Class Notice to reflect any necessary changes to the Claim Period, the Fairness Hearing date, or other matters.

(J)    The Parties shall request that the Final Approval Order shall not issue until the GFV has been paid in full, subject as applicable to the Early Payment Discount.

(K)    Authorized Claimants will have an Acceptance Period of 120 days from the date of mailing in which to cash their Settlement Checks.

(L)    If any Authorized Claimant does not cash his or her Settlement Checks within the initial 120 days, that Authorized Claimant will have up to six (6) months after the mailing of the Settlement Checks to make a request to the Settlement Administrator for a replacement check ("Replacement Settlement Check"). The Authorized Claimant will have an additional 120 days from the date of mailing the Replacement Settlement Check to cash their Replacement Settlement Check.

(M)    In the event that any Authorized Claimant fails to cash their Settlement Check or Replacement Settlement Check within the Acceptance Period of the Second Payment Distribution, consisting of 120 days from the date of the mailing of the checks, the Settlement Administrator shall, if economically feasible, redistribute the funds from those uncashed check(s) among Authorized Claimants who had previously submitted a Claim Form and cashed Settlement Checks, in pro-rata payments based on the formulas described in Section 3.4(A).

(N)     No portion of the Settlement Fund shall be returned to Defendants in reversion.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     At the Preliminary Approval Motion, the Parties will seek an order approving payment of Administration Costs incurred and reasonably expected to be incurred through the date of the Final Approval Order. All of these amounts shall be paid out of the QSF to the extent that such amounts are funded by the amounts paid into the QSF at the time of issuance of the Preliminary Approval Order.

(B)     At the Fairness Hearing and Motion for Final Approval, Class Counsel will petition the Court for all outstanding Administration Costs, an award of attorneys' fees of no more than one-third (33.33%) of the Settlement Amount after reimbursement for litigation costs incurred in an amount currently estimated at $82,139.69, but which is subject to change until Plaintiffs request costs in connection with the Final Approval of the Settlement. Attorneys' fees are currently estimated at $641,286.77, but this amount is subject to change until Plaintiffs request attorneys' fees in connection with Final Approval of the Settlement.

(C)     Defendants will not oppose Class Counsel's application of up to one-third of the Settlement Amount in attorneys' fees, litigation costs and expenses incurred as set forth at Section 3.2(A), and Administration Costs.

(D)     The parties will cooperate and make reasonable efforts to submit an application for Class Counsel's attorneys' fees and costs, which will be reviewed with the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Litigation.

**3.3     Service Awards and Individual Recovery.**

(A)     In return for services rendered to the Settlement Class Members, at the Fairness Hearing and in the Motion for Final Approval, Named Plaintiffs will apply to the Court to receive no more than a total of Thirty Thousand Dollars and Zero Cents ($30,000.00), to be equally divided among the three Named Plaintiffs in the amount of Ten Thousand Dollars ($10,000.00) each, as a Service Award from the GFV.

(B)     In return for release of the Released Individual Claims asserted by Plaintiffs Simmons and Colajay Rivera, at the fairness hearing, Plaintiffs will apply to the Court to receive no more than a total of twenty thousand dollars ($20,000.00), to be equally divided among Plaintiffs Simmons and Colajay Rivera, in the amount of ten thousand dollars ($10,000.00) each, as Individual Recovery from the GFV.

(C)     The application for Service Awards and Individual Recovery is to be considered with the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for Service Awards and Individual Recovery will not terminate this Agreement.  In the event the application for Service Awards and/or Individual Recovery is denied by the Courts, the Parties shall re-submit this  Agreement

without those provision(s), and the Settlement will go forward with the relevant provisions vacated and the stricken funds returned to the Net Settlement Fund.

**3.4    Settlement Fund Computation and Plan of Allocation.**

(A)    <u>Individual Settlement Amounts to Authorized Claimants</u>

1.    A Settlement Class Member who does not timely submit an Opt-Out Statement will be deemed eligible for a payment hereunder and will conditionally release all Released State Law Claims in accordance with Section 4.1.

2.    Each Settlement Class Member who returns a valid Claim Form shall be deemed an Authorized Claimant and shall be eligible to receive a distribution from the Net Settlement Fund.

3.    Authorized Claimants who cash, deposit or otherwise negotiate a Settlement Check will conditionally release all Released Claims.

4.    The allocation to Authorized Claimants for Settlement Checks will be made from the Net Settlement Fund as defined at Section 1.30.

5.    Authorized Claimants' proportionate shares of the amount of the Net Settlement Fund shall be computed pursuant to the formula below at subsections 3.4(A)(5)-(7) ("Individual Settlement Amount"), which utilizes a system of points awarded per workweek depending upon the time period during which Authorized Claimants performed work for Defendants and the Affiliated Companies as follows

  a.    Participating Class Members shall receive one (1) point for each workweek that they were employed by Defendants and the Affiliated Companies during the Class Period based on the discovery records produced by the parties in the Litigation, to the extent such records exist, and on the information contained in each Claim Form.

  b.    In addition to their allocated amounts, Named Plaintiffs Colajay Rivera and Simmons shall each receive an Individual Recovery, consisting of an additional ten thousand dollars ($10,000.00) as consideration for release of their individual claims. In the event the application for such Individual Recovery is denied by the Courts, this Agreement will go forward with the Individual Recovery provisions vacated.

  c.    In addition to their allocation amounts and any Individual Recovery, each of the Named Plaintiffs shall receive a Service Award of an additional ten thousand dollars ($10,000.00) in recognition of their services performed for the Class over the long pendency of this litigation. In the event the application for such Service Award is denied or modified by the Courts, this Agreement will go forward with the Service Award provisions vacated or modified as ordered.

6.    The Net Settlement Fund will be divided by the aggregate number of points accrued by all Authorized Claimants to determine the dollar value of each point (the "Point Value").

7.  Each Authorized Claimant's total points will be multiplied by the Point Value to determine his or her Individual Settlement Amount.

8.  In order to calculate each Authorized Claimants' total points and payments, the Claim Form will include fields for Settlement Class Members to input their start date, end date, and any gaps in employment period of work performed for Defendants. To the extent that any information is missing, the Settlement Administrator shall make at least two (2) attempts to contact the Settlement Class Member to obtain the missing information, and shall notify the Parties of the missing information and shall utilize Defendants' payroll records, where available, to supplement Settlement Class Members' reported information. To the extent that any relevant information as to the Named Plaintiffs is not in the possession of Class Counsel, Class Counsel and the Settlement Administrator shall make reasonable efforts to obtain all needed information from the Named Plaintiffs.

9.  To the extent that the parties have reason to believe that information contained in a Participating Class Member's Claim Form pertaining to position or dates of employment may be inaccurate, the Settlement Administrator may request Defendants' wage and hour records and/or the subpoenaed records in Class Counsel's possession for verification and/or request additional information and documents from the Participating Class Member. Defendants shall have the right to dispute the start date, end date, and position provided by the Class Members with payroll records, to the extent such records are available. The Settlement Administrator will evaluate the pertinent records and make a recommendation to the Parties as to which dates of employment should be applied.

10. Settlement Class Members shall have the right to provide credible evidence, including records, documents, and other materials, to contest their Individual Settlement Amount. Class Counsel shall review all such evidence and adjust Individual Settlement Amounts to the extent supported by credible evidence.

11. Class Counsel shall make final determinations of Individual Settlement Amount adjustments, based upon credible evidence, subject to the right of the Defendants or the Class Member to appeal the decision to the Court. The decision of the Court in such matter shall be final, and Participating Class Members shall hold Class Counsel, the Settlement Administration, and Defendants' Counsel harmless and release and waive all claims that could be asserted arising in any way from the plan of allocation and their Individual Settlement Amount.

## 3.5   Wage Allocation and Tax Characterization.

(A)  Settlement Checks paid to Class Members will be allocated fifty percent (50%) to W-2 wage payments to compensate for alleged unpaid wages and fifty percent (50%) to 1099 as non-wage liquidated damages and interest.  All wage payments to Class Members shall be subject to applicable payroll and withholding taxes. Defendants shall produce the most recent tax forms on file for Class Members to the Settlement Administrator. To the extent that any such forms are not available, Class Counsel and the Settlement Administrator shall contact Class Members to

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01E50BC6B198

obtain Social Security Numbers and/or Tax ID numbers. For any Settlement Class Members who are not in possession of a Social Security or Tax ID numbers and who are for any reason unable to obtain such, Settlement Checks shall be allocated 100% to 1099, with backup withholdings subtracted from the payment.

(B)    <u>Hold Harmless</u>. Other than the withholding and reporting requirements set forth herein, the Authorized Claimants are solely responsible for any necessary reporting of their respective shares of federal, state, and local taxes, if any, associated with their respective Settlement Checks and Service Awards, if any. The Named Plaintiffs, on behalf of themselves and the Class, acknowledge and agree that they have not relied upon any advice from Defendants or Defendants' Counsel as to the taxability of payments received under this Agreement. As to the payments treated and reported as non-wages, all Participating Class Members agree to indemnify and hold harmless Defendants and Defendants' Counsel for any tax due or owing by them on such payments.

## 3.6    Payment Distribution to Authorized Claimants

(A)    In order to receive a payment from this Settlement, Settlement Class Members must: (1) not opt-out of the Settlement and (2) timely return a valid and fully executed Claim Form within the Claim Period, *i.e.*, within six (6) months of the mailing of the First Payment Distribution. The Claim Form will be included in the Class Notice and must be fully executed and returned to the Settlement Administrator or Class Counsel. In order to receive a payment from the First Payment Distribution, Settlement Class Members must timely return a fully-executed Claim Form, post-marked or actually received by September 30, 2025. Any Settlement Class Member who returns a fully-executed Claim Form between October 1, 2025 and the end of the Claim Period, *i.e.*, six (6) months after the First Payment Distribution, shall receive their payment from this Settlement in the Second Payment Distribution.

(B)    <u>First Payment Distribution</u>. The amount of the First Payment Distribution shall be the sum total of: Class Counsel's attorneys' fees and litigation costs as approved by the Court, Service Awards and Individual Recovery as approved by the Court, outstanding Administration Costs not previously paid in the Preliminary Payment Distribution; and 50% of the Net Settlement Fund, to be allocated as detailed at Section 3.4. The portion of the Net Settlement Fund to be paid in the First Payment Distribution shall pay 50% of the Individual Settlement Amounts of the Authorized Claimants who are eligible to receive payment from the First Payment Distribution by returning their claim forms before October 1, 2025, calculated at set forth at Section 3.4(A)(5)-(7). The Settlement Administrator shall mail the Settlement Checks for the First Payment Distribution within fifteen (15) days after the later of issuance of the Final Approval Order or payment in full of the GFV.

(C)    <u>Second Payment Distribution</u>. The amount of the Second Payment Distribution shall be the sum total of 50% of the Net Settlement Fund, to be allocated as detailed at Section 3.4. The Second Payment Distribution shall pay the outstanding Individual Settlement Amounts for all Authorized Claimants. The Settlement Administrator shall mail the Settlement Checks for the Second Payment

Distribution seven (7) months after mailing of the Settlement Checks for the First Payment Distribution, thirty (30) days after the close of the Claim Period.

(D)     <u>Third Payment Distribution.</u>   Third Payment Distribution shall consist of any Unclaimed Funds that were returned or uncashed within Acceptance Period as set forth at Sections 3.1(K)-(L) and any increase in the GFV arising from Defendants' default on funding of the GFV as set forth at Section 5.2(D). The Settlement Administrator shall, if economically feasible, re-distribute all Unclaimed Funds *pro rata* to all Authorized Claimants. Should Unclaimed Funds remain in an amount that is not economically feasible for re-distribution, Unclaimed Funds shall be paid, as a cy pres award, on behalf of the Class, to NOVA.  No portion of the Settlement Fund, including any Unclaimed Funds, will return to Defendants. This amount shall be paid by the Settlement Administrator within thirty (30) days after the expiration of the time periods set forth in Sections 3.1(K)-(L) and the full funding the GFV.

(E)     <u>Claim Period.</u> The Claim Period shall close six (6) months after the First Payment Distribution. Any Settlement Class Member who does not mail a Claim Form by the close of the Claim Period shall not be eligible to receive a payment from the Settlement. The Named Plaintiffs will automatically receive a distribution from the Net Settlement Fund. Class Counsel and the Settlement Administrator shall make reasonable efforts to obtain all needed information from the Settlement Class Members.

**3.7     CONSENT TO JURISDICTION.**  The Parties consent to the jurisdiction of Magistrate Judge Vera M. Scanlon to determine and dispose of this Litigation. No later than the date of submission of the Preliminary Approval Motion, the Parties shall file the appropriate form stipulating to the jurisdiction of the Magistrate Judge, in light of Judge Scanlon's experience and involvement with this matter during its pendency.

**4.     RELEASE**

**4.1     Release of Claims.**

(A)     By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, each individual Settlement Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases Defendants and the Affiliated Companies and their officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concern with any of them, from the Released State Law Claims from December 20, 2011 to March 27, 2025, arising under the New York Labor Laws and any other state or local law or common law relating to failure to pay wages, overtime wages, minimum wages, spread of hours payments, liquidated damages, interest, penalties, and attorneys' fees and costs related to such claims for claims that were or could have been brought in this Litigation.

(B)     In addition to the release of the Released State Law Claims set forth in paragraph A above and defined at Section 1.42, each individual Authorized Claimant who returns a Consent to Join Form to the Settlement Administrator and who cashes or

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01F50BC6B198

deposits his/her Settlement Check thereby automatically releases Defendant from the Released Federal Law Claims (as defined in Section 1.40). All Settlement Class Members who have previously filed a Consent to Join Form and who do not opt out of the Settlement will be deemed to have accepted the terms of the Settlement Agreement, to agree to be bound by the Judgment in this case, and to release any FLSA claims against Defendants and the Affiliated Companies and their officers, employees, representatives, attorneys, parents, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concern with any of them.

(C)     Except as provided in this Agreement, Class Counsel and Named Plaintiffs, on behalf of the Settlement Class Members, and each individual Settlement Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of the Settlement Class Members. Class Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

(D)     In addition to the Released Federal Law Claims and Released State Law Claims, Named Plaintiffs Simmons and Colajay Rivera shall release the Released Individual Claims.

(E)     In addition to the Released Federal Claims and Released State Law Claims, the Named Plaintiffs shall release the Released Claims of the Named Plaintiffs, effective as of the date of Final Approval.

(F)     All Releases of Claims set forth in this Section and Agreement are conditional upon Defendants' substantial compliance with the terms of this Agreement and shall be effective as of the date that Defendants have paid the full Settlement Amount in whole or substantial compliance with this Agreement. To the extent that Defendants default on this Agreement, including but limited to failing to cure default in payment of the initial or subsequent monthly installment payments, no Release of claims shall be effective and all claims shall continue to toll until the Settlement Amount is paid in full.

**4.2     Denial of Liability.**

Defendants have agreed to the terms of this Agreement expressly denying any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Defendants' business due to costly and protracted litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by any of the Defendants.

**5.     DEFAULT AND CONFESSION OF JUDGMENT**

**5.1**     Payment of the first Installment Payment shall be completed by no later than April 30, 2025, and monthly Installment Payments shall be made each month thereafter by no later than the last day of the month, for a total of twelve (12) installment payments of $166,666.66 each, resulting in full payment of GFV by no later than March 31, 2026.

Defendants are permitted under this Agreement to make Installment Payments greater and/or more frequently than provided herein, including for the purpose of attaining the Early Payment Discount.

5.2    **Default; Notice to Cure.**  In the event that Defendants fail to make timely payment to the Settlement Fund in accordance with the payment schedule detailed in Sections 3.1(A)-(B) above:

(A)    The Settlement Administrator shall notify Defendants' counsel, and shall inform Class Counsel of same, of the default by no later than seven (7) days after the expired deadline by emailing Defendants' counsel.

(B)    In the event that Defendants fail to cure by 6:00 pm EST on the seventh (7th) day from the date such notice was received from the Settlement Administrator, Class Counsel shall notify Defendants' counsel of the default by sending a notice of default to Defendants' Counsel: Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, New York 11510, via FedEx and email at tk@kilgannonlaw.com.

(C)    Defendants shall have thirty (30) days from the date that the Settlement Administrator notifies Defendant of default via e-mail and certified mail to cure any default. In the event that Defendants fail to cure by 6:00 pm EST on the thirty-first (31st) day from the date that Notice was sent by the Settlement Administrator, Class Counsel may immediately file the Affidavit of Confession of Judgment (attached as **Exhibit A**) in the Eastern District of New York or New York State Supreme Court of the county or counties of any defaulting Defendants' residence and enter judgment in the amount of Two Million Dollars ($2,000,000.00) jointly and severally as to all Defendants, plus non-party Christine Moore, to seek reasonable attorneys' fees and costs incurred as a result of Defendants' breach and Class Counsel enforcement of the Affidavit of Confession of Judgment. Such Confessions of Judgment shall be held in escrow by the Settlement Administrator and available in the event of a payment default.

(D)    In the event that Defendants fail to pay the full amount of the GFV by March 31, 2026, and do not cure the failure by April 15, 2026, as interest on the GFV, the GFV shall increase by Fifteen Thousand Dollars ($15,000.00), and shall continue to increase each thirty (30) days thereafter by an additional Fifteen Thousand Dollars ($15,000.00) until payment is made in full. It is agreed that this $15,000.00 shall be in lieu of any other interest which may be allowed in law or otherwise.

(E)    Plaintiffs shall have the right to file Confessions of Judgment attached as **Exhibit A** regardless of whether the Court has entered the Preliminary Approval Order, Final Approval Order, and/or a Final Judgment of Dismissal.

6.    **INTERPRETATION AND ENFORCEMENT**

6.1    **Cooperation Between the Parties; Further Acts.**  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees

to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2 **No Assignment.** Class Counsel and the Named Plaintiffs, on behalf of the individual Settlement Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and covenant that no such assignment or transfer shall be made hereafter.

6.3 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Agreement.

6.4 **Binding Effect.** This Agreement shall be binding upon the parties and, with respect to the Named Plaintiffs and all Settlement Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

6.5 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the parties in entering into this Agreement, unless otherwise expressly stated.

6.6 **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.7 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.8 **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect unless the effect upon the Agreement caused by such holding shall cause material changes to the rights or obligations of the parties under this Agreement, in which event this Agreement shall be deemed void in its entirety.

6.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to the choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.10 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related

to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**6.11**   **Waivers, etc. to Be in Writing.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing by both parties before the Court at any future hearing. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**6.12**   **When Agreement Becomes Effective; Counterparts.**   This Agreement shall become effective upon its full execution and approval by the Court.  The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**6.13**   **Signatures of Named Plaintiffs.**   This Agreement is valid and binding if signed by the Defendants, and by the Named Plaintiffs.

**6.14**   **Facsimile and Email Signatures.**   Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile, DocuSign or Adobe Signature, or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**[Remainder of Page Intentionally Left Blank]**

**WE AGREE TO THESE TERMS,**

**For Plaintiffs:**

| | |
|---|---|
| _Joshua Porter_ | 4/28/2025 |
| Joshua Porter | Dated |
| | |
| Sharkey Simmons | Dated |
| | |
| Emanuel Colajay Rivera | Dated |
| | 4/28/2025 |
| Brent E. Pelton, Esq. | Dated |
| Taylor B. Graham, Esq. | |

_Attorneys for Plaintiffs and the Class_
_and Collective_

**WE AGREE TO THESE TERMS,**

**For Plaintiffs:**

| | |
|---|---|
| Joshua Porter | Dated |
| Sharkey Simmons | 4/28/2025<br>Dated |
| Emanuel Colajay Rivera | Dated |
| Brent E. Pelton, Esq.<br>Taylor B. Graham, Esq. | Dated |

*Attorneys for Plaintiffs and the Class and Collective*

**WE AGREE TO THESE TERMS,**

**For Plaintiffs:**

_____          _____
Joshua Porter                                                          Dated

_____          _____
Sharkey Simmons                                                   Dated

_____          4/28/2025
Emanuel Colajay Rivera                                       _____
                                                                                  Dated

_____          _____
Brent E. Pelton, Esq.                                             Dated
Taylor B. Graham, Esq.

_Attorneys for Plaintiffs and the Class
and Collective_

Docusign Envelope ID: 8A4479C9-5518-49B6-A3EF-B0167A159988

**For Defendants:**

_____    _____
Mooregroup Corporation                              Dated

By: _____


_____    _____
John J. Moore                                               Dated    4/29/2025


_____    _____
Martin Moore                                                Dated


_____    _____
Gary Moore                                                   Dated


_____    _____
Tim Kilgannon, Esq.                                      Dated


*Attorneys for Defendants*

31

# EXHIBIT A

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9F43-01FF0BC6B198

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated,**<br><br>     **Plaintiffs,**<br><br>-against-<br><br>**MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally,**<br><br>     **Defendants.** | 17 Civ. 07405 (KAM)(VMS)<br><br><br>**<u>AFFIDAVIT OF CONFESSION OF JUDGMENT</u>** |

Deponent John Moore, hereby deposes and states:

1. Deponent John Moore currently resides at _____

   County of _____.

2. Deponent John Moore is vice president of Mooregroup Corporation.

3. Deponent John Moore hereby confesses judgment herein and authorizes entry thereof against himself, Defendant Mooregroup Corporation, Defendant Gary Moore, Defendant Martin Moore, and non-party Christine Moore, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00) in the Eastern District of New York (specifically, in the matter of *Joshua Porter v. Mooregroup Corporation, et al.* Case Number 1:17-cv-07405-KAM-VMS). However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, Deponent John Moore hereby authorizes entry of judgment against himself and Defendant Mooregroup Corporation, Defendant Gary

Moore, Defendant Martin Moore, and non-party Christine Moore, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent permanently resides.

4.  This Confession of Judgment is for debt justly due to the Plaintiffs and Settlement Class Members (collectively, the "Plaintiffs") arising out of the settlement of Plaintiffs' wage and hour claims against Defendants in the action entitled *Joshua Porter v. Mooregroup Corporation, et al,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

5.  The Settlement Agreement provides that, in the event the Defendants fail to pay a portion of the Settlement Amount when due in accordance with the Settlement Agreement and Class Counsel has notified Defendants of the default in the manner provided in Section 5.2 of the Settlement Agreement, and Defendants have failed to cure the default within thirty (30) days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to Two Million Dollars ($2,000,000.00).

6.   The Clerk of the Court is authorized to enter judgment against myself, John Moore, Defendant Mooregroup Corporation, Defendant Martin Moore, Defendant Gary Moore, and non-party Christine Moore, jointly and severally, upon the submission to the clerk of the court of:

(a) an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the action entitled *Joshua Porter et al. v. Mooregroup Corporation et al.,* Case Number

1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

and,

(b) an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter. While Class Counsel shall provide this affidavit, this Confession of Judgment shall not be limited to amounts due and owing but shall be for the full Gross Fund Value of the Settlement, *i.e.*, Two Million Dollars ($2,000,000.00). Any amounts due under this Confession of Judgment that exceed the unpaid balance of the Settlement shall be deemed liquidated damages owing to the Settlement Class.

7. Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, NY 11510, tk@kilgannonlaw.com, via FedEx and e-mail, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

8. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

9. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

10. This confession of judgment is not based on a consumer credit transaction.

DocuSigned by:

John Moore

STATE OF NEW YORK                    }
                                     }ss.:
COUNTY OF _____               }

On the _____ day of _____in the year 2025, before me, the undersigned, a notary public in and for the State of New York, personally appeared John Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated, | **17 Civ. 07405 (KAM)(VMS)** |
| **Plaintiffs,** | |
| -against- | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally, | |
| **Defendants.** | |

Deponent Gary Moore, hereby deposes and states:

1. Deponent Gary Moore currently resides at _____

   County of _____.

2. Deponent Gary Moore is employee of Mooregroup Corporation.

3. Deponent Gary Moore hereby confesses judgment herein and authorizes entry thereof against himself, Defendant Mooregroup Corporation, Defendant John Moore, Defendant Martin Moore, and non-party Christine Moore, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00) in the Eastern District of New York (specifically, in the matter of *Joshua Porter v. Mooregroup Corporation, et al.* Case Number 1:17-cv-07405-KAM-VMS). However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, Deponent Gary Moore hereby authorizes entry of judgment against himself and Defendant Mooregroup Corporation, Defendant John Moore,

37

Defendant Martin Moore, and non-party Christine Moore, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent permanently resides.

4. This Confession of Judgment is for debt justly due to the Plaintiffs and Settlement Class Members (collectively, the "Plaintiffs") arising out of the settlement of Plaintiffs' wage and hour claims against Defendants in the action entitled *Joshua Porter v. Mooregroup Corporation, et al,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

5. The Settlement Agreement provides that, in the event the Defendants fail to pay a portion of the Settlement Amount when due in accordance with the Settlement Agreement and Class Counsel has notified Defendants of the default in the manner provided in Section 5.2 of the Settlement Agreement, and Defendants have failed to cure the default within thirty (30) days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to Two Million Dollars ($2,000,000.00).

6.  The Clerk of the Court is authorized to enter judgment against myself, Gary Moore, Defendant Mooregroup Corporation, Defendant Martin Moore, Defendant John Moore, and non-party Christine Moore, jointly and severally, upon the submission to the clerk of the court of:

(a) an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the action entitled *Joshua Porter et al. v. Mooregroup Corporation et al.,* Case Number 1:17-cv-

07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

and,

(b) an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter. While Class Counsel shall provide this affidavit, this Confession of Judgment shall not be limited to amounts due and owing but shall be for the full Gross Fund Value of the Settlement, *i.e.*, Two Million Dollars ($2,000,000.00). Any amounts due under this Confession of Judgment that exceed the unpaid balance of the Settlement shall be deemed liquidated damages owing to the Settlement Class.

7. Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, NY 11510, tk@kilgannonlaw.com, via FedEx and e-mail, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

8. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

9. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

10. This confession of judgment is not based on a consumer credit transaction.

_____
Gary Moore

39

STATE OF NEW YORK                    }
                                     }ss.:
COUNTY OF _____              }

On the _____ day of _____in the year 2024, before me, the undersigned, a notary public in and for the State of New York, personally appeared Gary Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated, | 17 Civ. 07405 (KAM)(VMS) |
| **Plaintiffs,** | |
| -against- | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally, | |
| **Defendants.** | |

Deponent Martin Moore, hereby deposes and states:

1. Deponent Martin Moore currently resides at _____

   County of _____.

2. Deponent Martin Moore is President of Mooregroup Corporation.

3. Deponent Martin Moore hereby confesses judgment herein and authorizes entry thereof against himself, Defendant Mooregroup Corporation, Defendant Gary Moore, Defendant John Moore, and non-party Christine Moore, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00) in the Eastern District of New York (specifically, in the matter of *Joshua Porter v. Mooregroup Corporation, et al.* Case Number 1:17-cv-07405-KAM-VMS). However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, Deponent Martin Moore hereby authorizes entry of judgment against himself and Defendant Mooregroup Corporation, Defendant Gary

41

Moore, Defendant John Moore, and non-party Christine Moore, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent permanently resides.

4. This Confession of Judgment is for debt justly due to the Plaintiffs and Settlement Class Members (collectively, the "Plaintiffs") arising out of the settlement of Plaintiffs' wage and hour claims against Defendants in the action entitled *Joshua Porter v. Mooregroup Corporation, et al,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

5. The Settlement Agreement provides that, in the event the Defendants fail to pay a portion of the Settlement Amount when due in accordance with the Settlement Agreement and Class Counsel has notified Defendants of the default in the manner provided in Section 5.2 of the Settlement Agreement, and Defendants have failed to cure the default within thirty (30) days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to Two Million Dollars ($2,000,000.00).

6. The Clerk of the Court is authorized to enter judgment against myself, Martin Moore, Defendant Mooregroup Corporation, Defendant John Moore, Defendant Gary Moore, and non-party Christine Moore, jointly and severally, upon the submission to the clerk of the court of:

(a)    an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the action entitled *Joshua Porter et al. v. Mooregroup Corporation et al.,* Case Number 1:17-cv-

07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

and,

(b)      an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter. While Class Counsel shall provide this affidavit, this Confession of Judgment shall not be limited to amounts due and owing but shall be for the full Gross Fund Value of the Settlement, *i.e.*, Two Million Dollars ($2,000,000.00). Any amounts due under this Confession of Judgment that exceed the unpaid balance of the Settlement shall be deemed liquidated damages owing to the Settlement Class.

7.  Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, NY 11510, tk@kilgannonlaw.com, via FedEx and e-mail, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

8.  After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

9.  This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability.  This confession of judgment is for a sum liquidated in amount that is due and owing.

10. This confession of judgment is not based on a consumer credit transaction.

_____
Martin Moore

STATE OF NEW YORK              }
                               }ss.:
COUNTY OF _____          }

      On the _____ day of _____in the year 2025, before me, the undersigned, a notary public in and for the State of New York, personally appeared Martin Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
               Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated, | 17 Civ. 07405 (KAM)(VMS) |
| **Plaintiffs,** | |
| -against- | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally, | |
| **Defendants.** | |

Deponent Christine Moore, hereby deposes and states:

1. Deponent Christine Moore currently resides at _____
   County of _____.

2. Deponent Christine Moore is married to John Moore, vice president of Mooregroup Corporation and Defendant in the above-captioned action.

3. Deponent Christine Moore hereby confesses judgment herein and authorizes entry thereof against herself, Defendant Mooregroup Corporation, Defendant Gary Moore, Defendant Martin Moore, and Defendant John Moore, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00) in the Eastern District of New York (specifically, in the matter of *Joshua Porter v. Mooregroup Corporation, et al.* Case Number 1:17-cv-07405-KAM-VMS). However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, Deponent Christine Moore hereby authorizes entry of

45

judgment against herself and Defendant Mooregroup Corporation, Defendant Gary Moore, Defendant Martin Moore, and Defendant John Moore, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent permanently resides.

4.   This Confession of Judgment is for debt justly due to the Plaintiffs and Settlement Class Members (collectively, the "Plaintiffs") arising out of the settlement of Plaintiffs' wage and hour claims against Defendants in the action entitled *Joshua Porter v. Mooregroup Corporation, et al,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

5.   The Settlement Agreement provides that, in the event the Defendants fail to pay a portion of the Settlement Amount when due in accordance with the Settlement Agreement and Class Counsel has notified Defendants of the default in the manner provided in Section 5.2 of the Settlement Agreement, and Defendants have failed to cure the default within thirty (30) days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to Two Million Dollars ($2,000,000.00).

6.    The Clerk of the Court is authorized to enter judgment against myself, Christine Moore, Defendant Mooregroup Corporation, Defendant Martin Moore, Defendant Gary Moore, and Defendant John Moore, jointly and severally, upon the submission to the clerk of the court of:

(a) an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the action entitled *Joshua Porter et al. v. Mooregroup Corporation et al.,* Case Number 1:17-cv-

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01EF0BC6B198

07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

and,

(b) an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter. While Class Counsel shall provide this affidavit, this Confession of Judgment shall not be limited to amounts due and owing but shall be for the full Gross Fund Value of the Settlement, *i.e.*, Two Million Dollars ($2,000,000.00). Any amounts due under this Confession of Judgment that exceed the unpaid balance of the Settlement shall be deemed liquidated damages owing to the Settlement Class.

7. Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, NY 11510, tk@kilgannonlaw.com, via FedEx and e-mail, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

8. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

9. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

10. This confession of judgment is not based on a consumer credit transaction.

_____
Christine Moore

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01FF0BC6B198

STATE OF NEW YORK                    }
                                     } ss.:
COUNTY OF _____              }

      On the _____ day of _____ in the year 2025, before me, the undersigned, a notary public in and for the State of New York, personally appeared Christine Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                             _____
                                                  Notary Public

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA PORTER, SHARKEY SIMMONS, and EMANUEL COLAJAY RIVERA, Individually and on Behalf of All Others Similarly Situated, | 17 Civ. 07405 (KAM)(VMS) |
| **Plaintiffs,** | |
| -against- | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| MOOREGROUP CORPORATION, BALDWIN HARBOR CONTRACTING INC., JOHN MOORE, GARY MOORE and MARTIN MOORE, Jointly and Severally, | |
| **Defendants.** | |

Deponent John Moore, on behalf of Mooregroup Corporation, hereby deposes and states:

1. Mooregroup Corporation is currently located, and has its primary place of business at, 1 Jefferson Place, Baldwin, New York, 11510.

2. Deponent John Moore is a vice president of Mooregroup Corporation.

3. Deponent John Moore, on behalf of Mooregroup Corporation, hereby confesses judgment herein and authorizes entry thereof against Mooregroup Corporation, Defendant John Moore, Defendant Gary Moore, Defendant Martin Moore, and non-party Christine Moore, jointly and severally, in the sum of Two Million Dollars ($2,000,000.00), less any payments already received by Plaintiff from Defendants, in the Eastern District of New York (specifically, in the matter of *Joshua Porter v. Mooregroup Corporation. et al,* Case Number 1:17-cv-07405-KAM-VMS. However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, Deponent John Moore on

49

behalf of Mooregroup Corporation hereby authorizes entry of judgment against Mooregroup Corporation and Defendant John Moore, Defendant Gary Moore, Defendant Martin Moore, and non-party Christine Moore, jointly and severally, for the aforementioned amount, in the New York State Supreme Court, County of _____, which is the county where Deponent permanently resides.

4.  This Confession of Judgment is for debt justly due to the Plaintiffs and Settlement Class Members arising out of the settlement of his wage and hour claims against Defendants in the action entitled *Joshua Porter v. Mooregroup Corporation et al,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York.

5.  The Settlement Agreement provides that, in the event the Defendants fail to pay a portion of the Settlement Amount when due in accordance with the Settlement Agreement and Class Counsel has notified Defendants of the default in the manner provided in Section 5.2 of the Settlement Agreement, and Defendants have failed to cure the default within thirty (30) days from the date of said notice, then Plaintiffs shall be entitled to Confession of Judgment by Defendants in an amount equal to Two Million Dollars ($2,000,000.00).

6.   The clerk of the court is authorized to enter judgment against Mooregroup Corporation and Defendant John Moore, Defendant Martin Moore, Defendant Gary Moore, and non-party Christine Moore, jointly and severally, upon the submission to the clerk of the court of:

(a)  an affidavit of Plaintiffs' counsel that there has been a default in the payment of any agreed upon installment and that the period to cure such default has expired, pursuant to the terms of the Settlement Agreement between Plaintiffs and Defendants in the

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01EF0BC6B198

action entitled *Joshua Porter et al. v. Mooregroup Corporation et al.,* Case Number 1:17-cv-07405-KAM-VMS, filed in the United States District Court for the Eastern District of New York. and,

(b) an affidavit stating the balance then due and owing at the time of default, pursuant to the terms of the Settlement Agreement for the above referenced matter. While Class Counsel shall provide this affidavit, this Confession of Judgment shall not be limited to amounts due and owing but shall be for the full Gross Fund Value of the Settlement, *i.e.*, Two Million Dollars ($2,000,000.00). Any amounts due under this Confession of Judgment that exceed the unpaid balance of the Settlement shall be deemed liquidated damages owing to the Settlement Class.

7. Deponent's counsel is entitled to Notice of Entry of the Affidavit of Confession of Judgment to be served upon Timothy Kilgannon, Esq., Kilgannon Law PC, 775 Brooklyn Ave, Suite 117, Baldwin, New York 11510, tk@kilgannonlaw.com, via FedEx and e-mail, with the subject header in capitalized letters, reading "NOTICE OF ENTRY OF CONFESSION OF JUDGMENT."

8. After entry of the judgment, the Plaintiffs shall have the right to enforce their judgment and have execution thereon as provided for in the Civil Practice Law and Rules.

9. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

10. This confession of judgment is not based on a consumer credit transaction.

_____
John Moore, on behalf of
Mooregroup Corporation

Docusign Envelope ID: 86GAFBE7-6FEA-4B70-9E43-01EF0BC6B198

STATE OF NEW YORK                    }
                                     } ss.:
COUNTY OF _____                }

      On the _____ day of _____ in the year 2025, before me, the undersigned, a notary public in and for the State of New York, personally appeared John Moore, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that, by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                              _____
                                   Notary Public